■   In the Matter of PETER MALONEY, Respondent, v BREEZY POINT COOPERATIVE, INC., Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination by appellant which, after a hearing, (1) found petitioner guilty of speeding and (2) imposed a fine (allegedly an improper use fee) upon him, the appeal is from a judgment of the Supreme Court, Queens County, dated January 5, 1976, which, inter alia, granted the application. Judgment reversed, on the law, with costs, determination confirmed and proceeding dismissed on the merits. No fact findings were presented for review. Appellant's determination, made after a hearing, to impose a $25 "maximum use fee" on the petitioner, is proper and enforceable (cf. Vernon Manor Co-op. Apts., Section I v Salatino, 15 Misc 2d 491). There is no merit in petitioner's other arguments. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

■   In the Matter of FILLYAW MORSE, Appellant, v WALTER FOGG, as Acting Superintendent, Green Haven Prison, Stormville, Respondent.—In a proceeding pursuant to CPLR article 78 inter alia to secure additional jail time credit, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated September 4, 1975, which, after a hearing, dismissed the petition. Judgment affirmed, without costs or disbursements. We affirm here inasmuch as we may do so without prejudice to petitioner's substantial rights. However, we steadfastly reaffirm our observation in Matter of Beattie v New York State Bd. of Parole (47 AD2d 656, affd 39 NY2d 445) that the board's continued indifference toward the provision of prompt revocation hearings may result in the vacatur, with prejudice, of warrants in all such cases (cf. People ex rel. Jones-el v Superintendent of Green Haven Correctional Facility, 51 AD2d 1049; People ex rel. Walsh v Vincent, 50 AD2d 914; People ex rel. Allah v Warden, Bronx House of Detention, 47 AD2d 485). Cohalan, Acting P. J., Margett, Rabin and Shapiro, JJ., concur.