■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD NANCE, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered July 31, 1975 in Clinton County, which denied a writ of habeas corpus, without a hearing. On July 21, 1970 petitioner was paroled after serving approximately eight years of a 10-to-20-year sentence for robbery in the first degree. On December 27, 1970 he was declared delinquent and arrested for a crime allegedly committed on December 26, 1970. Thereafter, on September 15, 1971, he pleaded guilty to robbery in the second degree and was sentenced to a five-year indeterminate sentence, to run consecutively with his prior sentence. Petitioner was received in State prison with a credit of 278 days jail time on September 30, 1971, owing 10 years, 7 months and 29 days from the previous sentence. On January 21, 1975 petitioner applied for a writ of habeas corpus on the ground that, since he was never afforded a parole revocation hearing, he was still a parolee and should be released. A parole revocation hearing was held on May 14, 1975, at which petitioner's parole was officially revoked. On June 30, 1975 petitioner again applied for a writ of habeas corpus on the ground that he had not received a prompt revocation hearing. This appeal is from a denial of this application. Petitioner argues that his due process right to a prompt revocation hearing under *Morrissey v Brewer* (408 US 471) was denied in that he was held for seven months by the parole board without a hearing. Petitioner received a hearing on May 14, 1975, at a time when he would still have been in jail serving his sentence on his second conviction. We have held that a prompt parole revocation hearing is not mandated where the parolee is already serving a sentence of imprisonment on a conviction for a new offense *(Sims v Preiser,* 50 AD2d 983, mot for lv den 39 NY2d 707; *Matter of Mullins v State Bd. of*

*Parole,* 43 AD2d 382, app dsmd as moot 35 NY2d 992). Petitioner was not prejudiced in any manner by the delay in conducting a hearing. The situation here differs from the situation where the parolee's delinquency is based on factual situations other than "on conviction of another crime" *(Morrissey v Brewer, supra,* p 490). As we stated in *Matter of Mullins v State Bd. of Parole (supra,* p 384) "This rule would afford parolees a hearing whenever reasonably calculated to lead to their release and yet relieve the State from the considerable burden of conducting numerous hearings, often at great distance and expense, when they would have no effect on the ultimate custody status of parolees." In any event, petitioner was not prejudiced because of the delay in scheduling the parole revocation hearing. Furthermore, the delay in holding the hearing was caused by the petitioner himself. Finally, *Morrissey* is inapplicable to the instant appeal since petitioner was declared delinquent on December 27, 1970 and was returned to prison on September 30, 1971 which was before the decision in *Morrissey.* Since *Morrissey* is not given retroactive effect, its holding is not here applicable. *(People ex rel. Calloway v Skinner,* 33 NY2d 23, 32-33.) Judgment affirmed, without costs. Koreman, P. J., Greenblott, Kane, Herlihy and Reynolds, JJ., concur.