Per Curiam.

Matter of Beattie v New York State Bd. of Parole (39 NY2d 445) is all but dispositive of every aspect of this case. The one difference which remains is that relator in this case was, at the applicable times, still lodged in a local correctional facility, while in the Beattie case the petitioner had been physically lodged in a State facility although held as a local prisoner. The difference is immaterial so long as the parolee was in a place subject to the convenience and practical control of the Parole Board. The fact is that relator was brought from one local facility to another in order to give him a preliminary parole hearing. This is demonstrative that the particular local facilities are places "subject to the convenience and practical control of the Parole Board.”
In the Beattie case, it was said (p 447): "Of course, the parolee, in order to receive a hearing, must be in the custody of a correction facility as an inmate in connection with which the Parole Board has parole jurisdiction (cf. People ex rel. Petite v Follette, 24 NY2d 60, 64). In this case, there was such custody and it is immaterial that the technical form of the custody was by virtue of temporary detention due to inadequate detention facilities in the City of New York (People ex rel. Allah v Warden, 47 AD2d 485, 487-488 * * *). The fact is that the parolee was in a place subject to the convenience and practical control of the Parole Board.”
In the absence of a showing by the correctional or parole authorities that a particular local facility in the State is, for strong practical reasons, beyond its convenience and control, a situation difficult to bring to mind, a parolee is entitled to a prompt final parole revocation hearing.
Moreover, it is not without significance that the Appellate Division had before this case given warning that it would insist on prompt parole hearings (see memorandum opn at App Div).
*1051 Accordingly, the order of the Appellate Division should be affirmed, without costs.