■ In the Matter of JAMES EDGE, Appellant, v PAUL J. REGAN, as Chairman of the New York State Board of Parole, Respondent. In the Matter of JAMES EDGE, Appellant, v ROY BOMBARD, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—On the court's own motion, its decision and order, both dated December 27, 1976, are vacated and recalled, and the following substituted decision is rendered: Appeals by petitioner from (1) a judgment of the Supreme Court, Dutchess County, dated September 26, 1975, which, in a CPLR article 78 proceeding, dismissed the petition on condition that he be afforded a final parole revocation hearing within 60 days and (2) a further judgment of the same court, dated May 14, 1976, which, in a separate CPLR article 78 proceeding, dismissed the petition seeking to review the determination revoking his parole. Judgment dated September 26, 1975, reversed, on the law and the facts, without costs or disbursements, and petition granted to the extent that it is directed that, after petitioner completes serving any time which may be owed on his 1974 conviction, he be restored to parole under his 1968 conviction (see *People ex rel. Royster v Bombard,* 55 AD2d 940. Appeal from the judgment dated May 14, 1976, dismissed as moot, without costs or disbursements, in light of the determination made on the appeal from the judgment dated September 26, 1975. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. LEON ORSE, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—On the court's own motion, its decision and order, both dated December 13, 1976, are vacated and recalled and the following substituted decision is rendered: In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated May 24, 1976, which denied his application for release, remanded him to custody and directed that he be granted a final parole revocation hearing. Judgment reversed, on the law and the facts, without costs or disbursements, and petition granted to the extent that it is directed that the petitioner be restored to parole under the conditions heretofore in effect (see *People ex rel. Royster v Bombard,* 55 AD2d 940. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.