■ In the Matter of JAMES EDGE, Appellant, v PAUL J. REGAN, as Chairman of the New York State Board of Parole, Respondent. In the Matter of JAMES EDGE, Appellant, v ROY BOMBARD, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—On the court's own motion, its decision and order, both dated December 27, 1976, are vacated and recalled, and the following substituted decision is rendered: Appeals by petitioner from (1) a judgment of the Supreme Court, Dutchess County, dated September 26, 1975, which, in a CPLR article 78 proceeding, dismissed the petition on condition that he be afforded a final parole revocation hearing within 60 days and (2) a further judgment of the same court, dated May 14, 1976, which, in a separate CPLR article 78 proceeding, dismissed the petition seeking to review the determination revoking his parole. Judgment dated September 26, 1975, reversed, on the law and the facts, without costs or disbursements, and petition granted to the extent that it is directed that, after petitioner completes serving any time which may be owed on his 1974 conviction, he be restored to parole under his 1968 conviction (see *People ex rel. Royster v Bombard,* 55 AD2d 940. Appeal from the judgment dated May 14, 1976, dismissed as moot, without costs or disbursements, in light of the determination made on the appeal from the judgment dated September 26, 1975. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. LEON ORSE, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—On the court's own motion, its decision and order, both dated December 13, 1976, are vacated and recalled and the following substituted decision is rendered: In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated May 24, 1976, which denied his application for release, remanded him to custody and directed that he be granted a final parole revocation hearing. Judgment reversed, on the law and the facts, without costs or disbursements, and petition granted to the extent that it is directed that the petitioner be restored to parole under the conditions heretofore in effect (see *People ex rel. Royster v Bombard,* 55 AD2d 940. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES ROYSTER, Appellant, v ROY BOMBARD, AS Superintendent of Greenhaven Correctional Facility, Respondent.—On the court's own motion, its decision and order, both dated December 13, 1976, are vacated and recalled, and the following substituted decision is rendered: In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated May 14, 1976, which granted the application to the extent of directing that he be given a prompt final parole revocation hearing. Judgment reversed, on the law and the facts, without costs or disbursements, and petition granted to the extent that it is directed that petitioner be restored to parole under the conditions heretofore in effect. On May 20, 1966 the petitioner was sentenced to consecutive terms of 5 and 10 years' imprisonment upon his convictions of the crimes of burglary in the third degree and grand larceny

in the first degree. He was released on parole on August 30, 1971. On January 6, 1973 the petitioner was arrested and charged with robbery in the first degree and, on November 15, 1973, he was convicted of the crime of robbery in the second degree and was sentenced to a maximum term of three years, to run concurrently with "12 years parole time owed—credit time served." In November, 1975 the petitioner commenced this proceeding, claiming that he should be released from custody because he had never received a final parole revocation hearing. Special Term directed that the petitioner be afforded such a hearing, but refused to direct that he be released from custody. The petitioner was entitled to a prompt final parole revocation hearing, even though the violation of parole may have involved the commission of another crime (see *People ex rel. Walsh v Vincent,* 40 NY2d 1049; *Matter of Beattie v New York State Bd. of Parole,* 39 NY2d 445; *People ex rel. Allah v Warden, Bronx House of Detention,* 47 AD2d 485; *Matter of Wright v Regan,* 46 AD2d 163). A delay of 32 months (to the time of the institution of this proceeding) constitutes an infringement upon the petitioner's right to a prompt final revocation hearing. Hence, as it appears that the petitioner has served the term of his sentence under the 1973 conviction, he must be restored to his parole status under the 1966 convictions. The court notes that *People ex rel. Walsh v Vincent (supra),* which requires a prompt final parole revocation hearing even though the violation of parole may have involved the commission of another crime, rather than *Moody v Daggett* (— US — [45 USLW 4017]), is controlling in New York State. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.