■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JORGE BORRERO, Appellant, v ROY F. BOMBARD, as Superintendent, Green Haven Correctional Facility, Respondent.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated March 17, 1977, which, in effect, dismissed the proceeding. Judgment modified, on the law, by adding thereto, immediately after the word "denied", the following: "except that the application is granted to the extent that the declaration of delinquency of March 1, 1973 is vacated." As so modified, judgment affirmed, without costs or disbursements. The petitioner-appellant was convicted of manslaughter on February 10, 1960 and was sentenced to a prison term with a minimum of 10 years and a maximum of 20 years. He was conditionally released from incarceration on October 24, 1972. On March 1, 1973 the Parole Board declared him a parole delinquent as of January 19, 1973 because of his flight from parole supervision. Subsequently, while an absconder, he was arrested on May 9, 1973 for the commission of several crimes. He was convicted on September 17, 1973 of the crime of attempted robbery in the first degree, and was sentenced to a prison term with a

minimum of 3 years, 4 months, and a maximum of 10 years, to run concurrently with the parole time that he might owe the Department of Correctional Services. On February 6, 1976 petitioner commenced the instant proceeding seeking his release on the ground that the Parole Board was obliged, but failed, to grant him a prompt revocation hearing. We agree with the argument raised by the petitioner concerning the failure to grant him a prompt hearing. In *Matter of Beattie v New York State Bd. of Parole* (39 NY2d 445, affg 47 AD2d 656) the Court of Appeals, in affirming an order of this court, held (p 447) that a parolee is entitled to a reasonably prompt revocation hearing notwithstanding the fact that he is incarcerated in a State correctional facility pursuant to his arrest on new criminal charges which are unrelated to the original parole violation, so long as the parolee was in a place "subject to the convenience and practical control of the Parole Board." In granting the petitioner in *Beattie* a parole revocation hearing, this court held that "continued indifference to the rights of defendants to obtain prompt revocation hearings may, in the future, result in the vacatur, with prejudice, of warrants in all such cases" (47 AD2d 656, *supra*). Recently, in *People ex rel. Walsh v Vincent* (40 NY2d 1049, affg 50 AD2d 914), the Court of Appeals, in affirming another order of this court, expanded its holding in *Beattie* by providing that a parolee is entitled to a reasonably prompt parole revocation hearing notwithstanding the fact that he is incarcerated in a local correctional facility pursuant to his arrest and conviction on new criminal charges which are unrelated to the original parole violation, so long as he is incarcerated in a place subject to the convenience and practical control of the Parole Board (see, also, *People ex rel. Royster v Bombard,* 55 AD2d 940). Applying the holdings of *Beattie* and *Walsh* to the facts at bar, it is clear that the petitioner was deprived of his right to a reasonably prompt parole revocation hearing and, under the circumstances herein, the declaration of delinquency as to petitioner must be vacated (see *People ex rel. Walsh v Vincent, supra; Matter of Beattie v New York State Bd. of Parole, supra).* Hopkins, Acting P. J., Cohalan, Damiani and Hawkins, JJ., concur.