■ In the Matter of JAMES A. CARTER, Appellant, v NEW YORK STATE DEPARTMENT OF PAROLE, Respondent.—Judgment unanimously affirmed. Memorandum: Petitioner was sentenced on March 27, 1972 in Westchester County Court to an indeterminate term with a maximum of eight years upon his conviction of robbery in the second degree. He was paroled on August 15, 1975 and on October 7, 1975 he was declared delinquent as of August 19, 1975. He was arrested on December 9, 1975 for a burglary committed while he was on parole, and a parole violation warrant, which had been issued in September, 1975, was lodged against him in the West-chester County Jail. The parole violation was not premised upon the subsequent criminal charge but related only to petitioner's failure to report to his parole officer; failure to procure the permission of the parole officer before moving from his approved residence; and failure to reply to a message from the parole officer. He waived his right to a preliminary parole revocation hearing. On February 25, 1976 petitioner was sentenced to a term of 2 to 4 years upon his plea of guilty to burglary in the third degree, such sentence to be served concurrently with the 1972 sentence. Petitioner was never afforded a final parole revocation hearing. He brought this proceeding seeking a writ of habeas corpus to obtain his release from custody. Special Term treated the petition as an article 78 proceeding (CPLR 103, subd [c]) and granted the petition to the extent of dismissing the parole violation warrant, for failure of the board to afford petitioner a final parole revocation hearing. The court, however, properly remanded pe-titioner to the Auburn Correctional Facility for further detention on his new sentence of two to four years imposed on February 25, 1976 *(People ex rel. England v New York State Bd. of Parole,* 55 AD2d 1013). Notwithstand-ing the September 3, 1976 memorandum to the petitioner from the head clerk's office at the correctional facility which incorrectly states that pe-titioner is being detained on his original sentence, his incarceration is now limited to the new sentence. His eligibility for continued parole on his original sentence is moot *(People ex rel. England v New York State Bd. of Parole, supra).* (Appeal from judgment of Cayuga Supreme Court—article 78.) Present—Moule, J. P., Cardamone, Dillon, Goldman and Witmer, JJ.

■ JOSEPH L. YANKANICH et al., Respondents, v THOMAS A. GRIFFO et al., Appellants.—Judgment unanimously affirmed, with costs, on the deci-sion at Trial Term, McDowell, J. (Appeal from judgment of Steuben Su-preme Court—Real Property Actions and Proceedings Law, § 15.) Present—Moule, J. P., Cardamone, Dillon, Goldman and Witmer, JJ.