Joseph Jiudice, J.
This is a writ of habeas corpus in which the relator seeks his immediate restoration to parole on the ground that he was denied a timely final parole revocation hearing.
The relator was serving concurrent sentences and was released on parole in February, 1976. On May 25, 1976, he pleaded guilty in Brooklyn Criminal Court to the crime of criminal possession of stolen property in the third degree and was sentenced to a one-year term at Rikers Island Reformatory. Apparently, on June 4, 1976, a New York State parole detainer warrant was issued and lodged against the relator charging him with violation of parole in that he failed to lead a law abiding life and that he had pleaded guilty to criminal possession of stolen property, as aforesaid.
On July 21, 1976, the relator appeared before the Parole Board at Rikers Island Reformatory for a parole revocation hearing. The record is unclear as to whether a preliminary violation hearing was held or whether the relator waived the same.
At the close of the hearing, in response to relator’s question, Commissioner Barnwell answered as follows: "When you finish this, the remainder, your state time will be disposed of and we will make a decision then”. The hearing was concluded and the board rendered a decision as follows: "Violation sustained on the basis of the new conviction and local sentence. Parole revoked. Ordered returned when available.”
The respondent contends that the aforesaid hearing was a full final revocation hearing and that the relator’s right to a prompt revocation hearing has not been violated. It is relator’s contention that the mandate of Morrissey v Brewer (408 US 471) for a prompt final parole revocation hearing is also a mandate for a complete hearing and that the failure of the board to make a time assessment determination as part of its decision revoking parole is a violation of due process guarantees set forth in Morrissey
From the record before the court, it is clear that the hearing held on July 21, 1976 was a final revocation hearing, and as such, the Board of Parole was obligated to follow its *1002 own rules, and in particular, 7 NYCRR 1925.35 (k) (2) (i). As this court interprets the foregoing rule, the Board of Parole, once it affirms a violation and revokes parole, it is mandated to either direct the violator’s reincarceration and fix a date for reconsideration by the board, or determine that the violator be released to supervision in the event it determines the violator should not be reincarcerated.
In the instant case, the Parole Board, while revoking relator’s parole, did not at the same time comply with the foregoing rule and fix a date either for reconsideration or determine that relator should be restored to parole supervision.
This court agrees with relator’s contention that the Parole Board cannot bifurcate a final revocation hearing by determining the parolee’s parole status and adjourning to a future unknown time the fixing of a date for consideration by the board for re-release. In this court’s opinion, 7 NYCRR 1925.30 mandates that all procedures relative to a final revocation hearing must be followed and concluded at the same time. The mandate of Morrissey v Brewer (supra) requires that a prompt revocation hearing be a complete hearing with all procedural requirements followed and concluded and a final decision made in every respect. To adjudicate a parolee’s revocation on a piecemeal basis over a protracted period of time does not comply with the due process requirements enunciated in Morrissey v Brewer (supra).
Based upon the facts in the instant case, it is the decision of this court that the Board of Parole has failed to afford the relator a prompt complete final parole revocation hearing. Pursuant to the authority of People ex rel. Royster v Bombard (55 AD2d 940), this court orders that the relator be restored forthwith to parole under the conditions heretofore in effect.