In the Matter of ROBERT SMITH, Appellant, v CHAIRMAN OF THE NEW YORK STATE BOARD OF PAROLE et al., Respondents.—Judgment reversed and petition granted to the extent of dismissing parole detainer warrant. Memorandum: Petitioner, an inmate at Auburn Correctional Facility, appeals from a judgment in a habeas corpus proceeding, treated at Special Term as an article 78 proceeding, which directed respondent Parole Board to hold a parole revocation hearing within 60 days. On December 10, 1965 petitioner was sentenced to a maximum term of 15 years following a burglary in the first degree conviction. He was released on parole on August 18, 1972. While on parole, he was arrested in January, 1976 on a new burglary charge. A parole detainer warrant was lodged against him on February 8, 1976. He pleaded guilty to attempted burglary in the third degree and was sentenced to a two- to four-year term on May 12, 1976 to

run concurrently with his previous 1965 sentence. Petitioner has been incarcerated since his arrest on January 24, 1976. Over 16 months elapsed from the lodging of the parole detainer warrant in February, 1976 until he was afforded a final parole revocation hearing in June, 1977. Petitioner's 1965 sentence runs until March, 1981 and is controlling since its expiration date is later than the two- to four-year sentence imposed on May 12, 1976 which expires on January 21, 1980. Where a new sentence imposed has a longer duration than the old sentence which a petitioner is serving on parole, and no prompt parole revocation hearing has been granted, we have held that it is proper to dismiss the parole detainer warrant. However, since the new sentence controls, petitioner is not entitled to be released on parole status; rather, he must be remanded to the correctional facility *(Matter of Carter v New York State Dept. of Parole,* 58 AD2d 975, mot for lv to app den 42 NY2d 810; *People ex rel. England v New York State Bd. of Parole,* 55 AD2d 1013). However, where a new sentence had been served and petitioner's confinement is solely under an old sentence for which he had not received a prompt parole revocation hearing, he is entitled to be restored to parole *(People ex rel. Walsh v Vincent,* 40 NY2d 1049; *Matter of Grix v Regan,* 57 AD2d 710; *People ex rel. Royster v Bombard,* 55 AD2d 940). In the instant case, the nearly 17-month delay in granting petitioner his final parole revocation hearing is plainly prejudicial and a denial of his constitutional rights *(Morrissey v Brewer,* 408 US 471; *Matter of Wright v Regan,* 46 AD2d 163). In this connection the dissent in voting to affirm relies, in part, on *Moody v Daggett* (429 US 78). We note, however, that in a case decided subsequent to *Moody v Daggett,* New York's highest court, nonetheless, requires a prompt final parole revocation hearing even though the violation of parole and resulting detention may have involved the commission of another crime (see *People ex rel. Walsh v Vincent,* 40 NY2d 1049, *supra; Matter of Beattie v New York State Bd. of Parole,* 39 NY2d 445). While petitioner's new sentence has not been fully served, it will terminate 13 months prior to the expiration of the old 1965 sentence. Hence, petitioner's continued incarceration, after his new shorter sentence ends, will be under the controlling old sentence for which he was not afforded a prompt parole revocation hearing. Accordingly, petitioner is entitled to have the parole detainer warrant dismissed with prejudice so that upon the expiration of his new sentence he will be entitled to be released to parole status. All concur, except Hancock, Jr., J., who dissents and votes to affirm the judgment, in the following memorandum: The question presented is whether a delay in affording a parole revocation hearing has deprived petitioner of his constitutional rights to due process under *Morrissey v Brewer* (408 US 471) when such delay has resulted neither in incarceration which might not otherwise have been imposed upon the petitioner nor in the unavailability of witnesses or other sources of evidence. I see no reason why petitioner's rights to due process have been impaired, inasmuch as the revocation hearing on the old sentence has been held and the minimum period of his more recent sentence will not expire until May 12, 1978. Until that minimum has expired, petitioner would not be eligible to be released on parole under his new sentence. No prejudice from the delay in holding the parole revocation hearing has been shown, since his incarceration at least until May 12, 1978 derives not in any sense from the delay in granting the parole revocation hearing, but from the arrest and conviction on the new charges (see *Moody v Daggett,* 429 US 78, 86). Indeed it appears that the only basis for the parole revocation under the old sentence was the conviction for which he received the new sentence. The

proof of this conviction was a matter of record and was uncontroverted. Under these circumstances, a prompt revocation hearing is not mandated (see *Moody v Daggett, supra; People ex rel. Harrison v Smith,* 55 AD2d 1013; *People ex rel. Nance v New York State Bd. of Parole,* 53 AD2d 739; *Matter of Mullins v State Bd. of Parole,* 43 AD2d 382, app dsmd 35 NY2d 992). I agree with the reasoning of the court in *People ex rel. Nance v Board of Parole (supra,* pp 739, 740), "Petitioner received a hearing * * * at a time when he would still have been in jail serving his sentence on his second conviction. We have held that a prompt parole revocation hearing is not mandated where the parolee is already serving a sentence of imprisonment on a conviction for a new offense [citations omitted]. Petitioner was not prejudiced in any manner by the delay in conducting a hearing. The situation here differs from the situation where the parolee's delinquency is based on factual situations other than 'on conviction of another crime' *(Morrissey v Brewer, supra,* p 490). As we stated in *Matter of Mullins v State Bd. of Parole (supra,* p 384) 'This rule would afford parolees a hearing whenever reasonably calculated to lead to their release and yet relieve the State from the considerable burden of conducting numerous hearings * * * when they would have no effect on the ultimate custody status of parolees.' " The cases on which petitioner relies to support his claim that a hearing "at this late date" would not "make him whole," are not in point. *People ex rel. Walsh v Vincent* (40 NY2d 1049), *People ex rel. Royster v Bombard* (55 AD2d 940), and *Matter of Wright v Regan* (46 AD2d 163) all involve prisoners whose minimum terms of their most recent sentences had already expired and who would be eligible for release under those sentences. Their continued incarceration could be said to have resulted from the failure to afford them hearings with respect to parole revocations from prior sentences. In *Matter of Grix v Regan* (57 AD2d 710) the petitioner's imprisonment continued after the expiration of his more recent sentence, even though no violation of parole had been charged against him with respect to his prior sentence; he was clearly entitled to be released on parole. For the foregoing reasons, the judgment should be affirmed. (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.