In the Matter of ALMOND DUBAY, Appellant, v EUGENE S. LE FEVRE, as Superintendent of Clinton Correctional Facility, et al.. Respondents.

Third Department, December 29, 1977

**APPEARANCES OF COUNSEL**

*John Dee* for appellant.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* and *Henderson G. Riggs* of counsel), for respondents.

## OPINION OF THE COURT

Herlihy, J.

On February 15, 1965, the petitioner was sentenced as a second felony offender to an indeterminate term of imprisonment having a maximum of 15 years. He was paroled on that sentence in December of 1969.

On December 7, 1974 he was arrested on charges of sexual abuse and while in the Warren County Jail he was given a notice of violation of parole and waived his right to a preliminary parole violation hearing on December 11, 1974. The purpose of a preliminary hearing is to determine whether there is probable cause to believe that the parolee committed acts constituting grounds for parole violation (*Morrissey v Brewer*, 408 US 471). On March 31, 1975 he was convicted of the crime of sexual abuse in the first degree upon his plea of guilty and sentenced as a third felony offender to an indeterminate term of imprisonment having a maximum of four years.

On May 5, 1975 a parole violation warrant based on the 1965 conviction was issued by the Board of Parole and it was filed with the respondent Le Fevre, as superintendent of the correctional facility where the petitioner was incarcerated. In January of 1976 and again in January of 1977 the petitioner appeared before the Parole Board in regard to his present incarceration; however, at neither of such hearings was there any discussion of his status in regard to the prior parole on the 1965 conviction.

At the time these proceedings were commenced the petitioner was scheduled to appear before the Parole Board again in September of 1978. No parole violation hearing had been held and he was not presently being detained as a parole violator. Subsequent to this proceeding, the petitioner did not cause a judgment to be entered on the May 13, 1977 decision of Justice Quinn, but waited until a judgment was entered by the Attorney-General on July 5, 1977 to file a notice of appeal.

The petitioner in this proceeding sought a judgment vacating the parole violation warrant and restoring him to his prior parole status upon reaching eligibility for release from prison on his current 1975 conviction. Special Term held that the petitioner was entitled to a prompt parole revocation hearing, but that in this particular case the proper remedy was to order an immediate final hearing. Special Term found that

the petitioner was being held pursuant to the 1975 conviction and that he had not demonstrated any prejudice from the delay.

Upon this appeal the question raised is whether or not a failure to comply with the requirement of a final revocation hearing requires, as a matter of law, that the Parole Board be precluded from revoking the parole for the reasons listed in the detainer warrant and notice of parole violation. In the notice of violation the charges were as follows:

"1. On 12/7/74 and a prior occasion, you violated Parole Rule #4 when your behavior was a menace to the safety of an individual, to wit: your admitted sexual misconduct with a 9 year old girl.

"2. On 12/4/74 and prior occasions, you violated Parole Rule #4 when your behavior was a menace to the safety of an individual, to wit: your admitted sexual misconduct with a 12 year old boy."

It should be observed that it is somewhat remarkable to even consider that the privilege of parole surrounded as it is by conditions could be extended or continued by *a judicially created* remedy when the alleged violation involved new criminal charges for overt criminal activity while on parole and there is no doubt that incarceration results from the new charges and not the parole violation charges. We turn then to a consideration of recent cases involving the right to a prompt final parole revocation hearing.

It is well established that a parolee who is convicted for the commission of a crime while on parole must serve the minimum period of the new sentence before he can be eligible for parole *(Matter of McDougal v Vincent,* 51 AD2d 737).

In the case of *People ex rel. McNair v West* (77 Misc 2d 150, affd without opn 46 AD2d 741) the Supreme Court at a Criminal Term in Kings County considered a case where the relator had promptly demanded parole revocation hearings and such hearings including a prompt preliminary hearing (p 154)—which was waived in the present action—had been refused for about 19 months. The Criminal Term found that the statutory right of the relator to a prompt hearing had been violated (Correction Law, § 212, subd 7). The relator in *McNair* was being held in jail upon charges of new crimes during the 19 months and the Criminal Term decided that the proper remedy was to order the relator reinstated to parole

and the parole detainer vacated with prejudice to any new one or further proceedings as to violations alleged in that detainer.

Subsequently, the Appellate Division, Second Department, in the case of *Matter of Beattie v New York State Bd. of Parole* (47 AD2d 656, affd 39 NY2d 445) noted that a parolee must be given a prompt hearing and ordered the hearing to be promptly held "because that can be done without affecting his rights". The court went on to observe that a continual indifference "may, in the future, result in the vacatur, with prejudice, of warrants in all such cases." *(Id.)* The Court of Appeals affirmed, but did not mention what remedy would be appropriate. In the case of *Matter of Morse v Fogg* (52 AD2d 926) the Appellate Division, Second Department, reiterated the possibility of vacating warrants of detainer "with prejudice" in all cases of delay.

In *Matter of Burke v Ward* (53 AD2d 748, mot for lv to app den 40 NY2d 801) this court held that where a parolee is already serving a sentence for a new offense, a prompt hearing was not necessary. In the *Burke* case we were following a rule first enunciated by this court in *Matter of Mullins v State Bd. of Parole* (43 AD2d 382, 383, app dsmd as moot 35 NY2d 992). In *People ex rel. Nance v New York State Bd. of Parole* (53 AD2d 739) this court also directly held that a prompt hearing was not necessary while the parolee was still in jail on his second conviction. This position was adopted by the Supreme Court in the case of *Moody v Daggett* (429 US 78) as to Federal constitutional rights protected by the due process clause of the Fourteenth Amendment.

In the *Moody* case it was observed by Mr. Chief Justice BURGER in the majority opinion (p 89): "Finally, there is a practical aspect to consider, for in cases such as this, in which the parolee admits or has been convicted of an offense plainly constituting a parole violation, the only remaining inquiry is whether continued release is justified notwithstanding the violation * * *. Forcing decision immediately after imprisonment would not only deprive the parole authority of this vital information [a parolee's subsequent institutional record], but since the other most salient factor would be the parolee's recent convictions * * * a decision to revoke parole would often be foreordained. Given the predictive nature of the [parole revocation] hearing, it is appropriate that such hearing be held at the time at which prediction is both most relevant

and most accurate—at the expiration of the parolee's intervening sentence."

In the case of *People ex rel. Walsh v Vincent* (40 NY2d 1049) the Court of Appeals in a brief majority opinion has held that a prompt hearing must be held even when the parolee was held on charges of a subsequent crime and has been found guilty of such crime. While that case differs from the *Moody* case in that the parolee in *Moody* was still serving his subsequent sentence and in *Walsh* the parolee had served his time prior to the hearing being held, the majority in *Walsh* did not address the reliance by the dissenter upon the *Moody* case.

In the case of *People ex rel. Royster v Bombard* (55 AD2d 940, 941) the Appellate Division, Second Department, has held that the *Walsh* case is controlling in New York State rather than the *Moody* case. In reliance upon *Royster,* the same court in *Matter of Edge v Regan* (55 AD2d 940) has held that where the parolee has not been given a prompt final revocation hearing and is still being held in jail on an intervening sentence, the appropriate remedy is an order directing that the parolee-petitioner be restored to his former parole as soon as he completes serving any time owed on the current conviction. The *Edge* case appears to mean that the Appellate Division, Second Department, has construed *People ex rel. Walsh v Vincent (supra)* as requiring the foreclosure of a revocation of parole upon whatever grounds a warrant of detainer was filed if a final revocation hearing is not promptly held.

In the case of *People ex rel. Archer v New York State Bd. of Parole* (57 AD2d 710) decided by the Appellate Division, Fourth Department, subsequent to the *Walsh* case, that court held that where the parolee was still serving an intermediate sentence the proper relief is *not* preclusion of a hearing on the grounds alleged in the parole warrant of detainer. In *Archer* the court directed that the parolee should be given a prompt hearing. In a case at the same term, *Matter of Grix v Regan* (57 AD2d 710, 711) the Appellate Division, Fourth Department, did hold that where the parolee was not currently being held on his intervening sentence "and it not appearing from the record that any violation of his 1972 parole under his life sentence has ever been charged against him, petitioner is entitled to immediate restoration to parole under his 1956 sentence."

■ The *Walsh* case is not clearly applicable to a situation where the parolee is currently being held in jail to serve an intervening sentence. As in the *Moody* case, this petitioner had not yet been held in prison because of any allegation of parole violation. In *Walsh* the statement of facts in the Court of Appeals indicates that the parolee had specifically requested "a speedy final hearing" but did not receive the same for several months and indeed some three months after he had satisfied an intervening conviction. It is evident that the rights of the parolee had been prejudiced. In this case, to the contrary, there was no holding of the parolee without a hearing after he had satisfied his intervening sentence and petitioner did in fact waive his right to a preliminary hearing.

■ ■ A prompt final hearing referred to as a "Revocation Hearing" as distinguished from "Arrest of Parolee and Preliminary Hearing" has been ordered by the Special Term. While we find that such a hearing must be held before service of the intervening sentence is complete, we do not find it necessary at any particular prior time as there has been no violation of petitioner's rights or any prejudice shown, and, of course, as suggested in the *Moody* case, the terms and conditions of further parole can be decided "at the expiration of the parolee's intervening sentence".

In the present case, the Parole Board has not appealed the judgment for an "immediate final parole revocation hearing" and, accordingly, we will affirm.

The judgment should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, MAIN and MIKOLL, JJ., concur.

Judgment affirmed, without costs.