OPINION OF THE COURT
Roger J. Miner, J.
Relator, who absconded during a furlough from the Woodbourne Correctional Facility, challenges the extension of the maximum date for the expiration of his sentence on the ground that "respondents made no effort to apprehend him during the period he was an absconder.”
It appears that relator entered a plea of guilty to the crime of criminal possession of stolen property in the second degree and thereafter was sentenced in the Supreme Court, Queens County, to a term of imprisonment having a maximum of three years and a minimum of one and one-half years. While confined at Woodbourne, he was allowed a seven-day furlough, commencing May 22, 1976, due to the illness of his mother. (Correction Law, § 851, subd 4.) His mother died on May 24, 1976 and his request for an extension of furlough to attend to *751 matters respecting her estate was denied. The relator failed to return at the end of his furlough and was taken into custody on September 1, 1977 by warrant officers of the absconder unit of the Department of Parole.
In his petition relator contends that his failure to return to the correctional facility should not be considered an interruption of his sentence (Penal Law, § 70.30, subd 7), since "he was readily available for apprehension if respondents had acted in a diligent manner.” Specifically, relator alleges that he resided with his wife and children at the address to which he was furloughed until mid-August, 1977, and thereafter resided with his sister; that he collected Supplementary Security Income (SSI) benefits during the period of his absence; that he received medical and surgical attention at Mary Immaculate Hospital, Queens Hospital and Creedmore State Hospital on numerous occasions; that his name appeared on various medical and hospital cards and records during his absence; and that he was arrested in Queens County on three separate occasions. These arrests led to a six-month sentence to run concurrently with the previous sentence. (Penal Law, § 70.25, subd 1.)
Respondents contend that relator is not entitled to be credited with the period of his delinquency and that they were as diligent as possible in apprehending the relator. They point out that a warrant for the inmate’s return was issued on June 1, 1976; that the absconder unit in New York City consists of three to five members who actively are engaged in investigating approximately 1,000 matters; that an active investigation was commenced by the unit on or about July 26, 1977; that about 200 man hours were utilized in relator’s case; that the relator’s wife was interviewed on several occasions; that numerous interviews and surveillances were conducted; and that relator was residing in The Bronx at the time of his apprehension, although he actually was taken into custody at a location in Queens where he was engaged in purchasing narcotics.
In the opinion of the court there is no requirement that due diligence must be shown in apprehending an inmate who absconds during a furlough before the period of delinquency may be considered as an interruption of sentence. The cases cited by relator pertaining to speedy trial and violation of parole and probation are inapposite since the failure to utilize due diligence in those situations may prejudice the right to a fair hearing or trial. (Cf. Dubay v LeFevre, 60 AD2d 263.) In *752 the case of one who absconds from furlough, no hearing is necessary and the violator is to be returned forthwith to the institution. (Correction Law, § 856, subd 4.)
In support of his position the relator has furnished the court with a copy of the opinion in a habeas corpus proceeding entitled People ex rel. Psaki v New York State Dept, of Correctional Servs. (Supreme Ct, Westchester County, April 5, 1978, Dickinson, J.). In that case an absconder from a work release program was credited, in the interest of justice, with the time elapsing between the relator’s release from confinement in an out-of-State institution and his apprehension in New York. The court there pointed out that the New York authorities were aware of the relator’s out-of-State incarceration and did not act diligently in expediting his return when located. The case at bar is to be distinguished in that here there has been no showing that respondents were aware of relator’s precise location until he was apprehended. Moreover, this court respectfully disagrees with the Psaki determination that the relator was entitled to credit for the time spent in an absconder status.
Neither law nor logic supports relator’s position. There is no showing that he has been prejudiced in any way. The rehabilitative, punitive and deterrent purposes of incarceration are not served by allowing an absconder to employ time spent in a delinquent status as a credit against his sentence. (Suggs v Daggett, 522 F2d 396.) In any event it is difficult to perceive how the respondents, in light of their mission and resources, could have been any more diligent under the circumstances revealed here.
Petition dismissed.