■ RICHARD LINDSAY, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to dismiss certain parole violation charges, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated January 6, 1978, which dismissed the petition. Judgment affirmed, without costs or disbursements (see *People ex rel. Schmidt v La Vallee,* 39 NY2d 886). Hopkins, J. P., Latham and Damiani, JJ., concur; Suozzi, J., dissents and votes to reverse the judgment, grant the petition, vacate the parole violation charges against petitioner and restore petitioner to parole on his 1962 conviction, with the following memorandum: Petitioner instituted this CPLR article 78 proceeding to vacate an outstanding parole violation warrant and to compel his restoration to parole on a 1962 conviction because of the excessive delay in holding a final parole revocation hearing. Both the Special Term and the majority are of the view that the proceeding has to be dismissed on the authority of *People ex rel. Schmidt v La Vallee* (39 NY2d 886), on the ground that the parole eligibility hearing afforded to petitioner herein rendered the issue of the denial of a prompt parole revocation hearing academic. In my view, the *Schmidt* case is distinguishable from the case at bar and is, therefore, not controlling here. There is no doubt, and the Special Term so conceded, that the Parole Board's failure to provide a final parole revocation hearing with its concomitant panoply of constitutional rights violated petitioner's due process rights (see *Morrissey v Brewer,* 408 US 471). This failure would normally have resulted in the vacatur of the outstanding parole charges against petitioner, with prejudice, and his restoration to parole under his 1962 sentence (see *Matter of Beattie v New York State Bd. of Parole,* 39 NY2d 445; *People ex rel. Walsh v Vincent,* 40 NY2d 1049; *People ex rel. Borrero v Bombard,* 57 AD2d 634; *People ex rel. Royster v Bombard,* 55 AD2d 940). The holdings and thrust of those authorities are in no way diluted by *Schmidt (supra).* In *Schmidt,* the parolee apparently had only one parole violation charge lodged against him, i.e., the commission of another crime. After being convicted of that crime and sentenced, and almost three years after his arrest, he was given a parole eligibility hearing; release was denied. Under these circumstances, it was clearly academic in *Schmidt* that petitioner did not receive a prompt, final parole revocation hearing. In the case at bar petitioner was charged with five technical violations of his parole: (1) leaving an approved residence without permission; (2) failure to maintain gainful employment; (3) failure to report as directed; (4) leaving New York State without permission; and (5) possession of a motor vehicle without permission. There was no parole violation charge alleging the commission of a new crime. The parole eligibility hearing, which is a more limited hearing than a parole revocation hearing, and which was held as to the subsequent criminal conviction on May 24, 1977, did not in any way consider the outstanding parole violation charges. Accordingly, the parole violation charges still remain as bare charges which have not been considered by the parole authorities after a

period of four years. Under the circumstances, a dismissal of the proceeding can only serve to sanction the Parole Board's blatant disregard of petitioner's due process right to a prompt, final parole revocation hearing.