■ ROSALIE LANCETTE et al., Appellants, v CROUSE-IRVING MEMORIAL HOSPITAL, INC., Defendant, and Z. SABA et al., Respondents. (Appeal No. 1.) —Order unanimously affirmed, without costs, for the reasons stated at Special Term, Tenney, J. (Appeal from order of Onondaga Supreme Court— protective order.) Present—Marsh, P. J., Moule, Simons, Schnepp and Witmer, JJ.

■ In the Matter of WILLIE L. YOUNG, Appellant, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, et al., Respondents.— Judgment unanimously reversed and motion to vacate parole detainer warrant granted. (See *Matter of Smith v Chairman of N. Y. State Bd. of Parole,* 60 AD2d 775, affd 44 NY2d 982.) (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.

■ In the Matter of JOSE NAVEDO, Appellant, v EDWARD J. BYRNE, as Chairman of the Temporary Release Committee of the Auburn Correctional Facility, Respondent.—Appeal unanimously dismissed as moot, petitioner having been released on parole. *(People ex rel. Wilder v Markley,* 26 NY2d 648.) (Appeal from judgment of Cayuga Supreme Court—art 78.) Present— Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v CLARENCE PORET, Defendant.—Motion for change of venue denied. Memorandum: We conclude that the defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Monroe County (CPL 230.20, subd 2). If it develops during the *voir dire* that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See *People v Di Piazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982.) Present—Marsh, P. J., Simons, Hancock, Jr., Schnepp and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v VINCENT CALOGERO, Defendant.—Motion for change of venue denied. Memorandum: We conclude that the defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Onondaga County (CPL 230.20, subd 2). If it develops during the *voir dire* that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See *People v Di Piazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982.) Present—Marsh, P. J., Simons, Hancock, Jr., Schnepp and Witmer, JJ.

■ CENTRAL TRUST COMPANY, Respondent, v ARTHUR BRAUER et al., Appellants.—Motion for order of settlement and for other relief denied. Memorandum: The proper procedure for review of the order of the Supreme Court entered August 2, 1978 denying settlement of the record on appeal would have been by appeal. Present—Marsh, P. J., Simons, Hancock, Jr., Schnepp and Witmer, JJ.