degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of sexual abuse in the first degree, sexual misconduct (two counts), and attempted grand larceny in the third degree and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Under the facts of this case, sexual abuse in the first degree and sexual misconduct (Count No. 5) are inclusory concurrent counts of sodomy in the first degree (see *People v De Jesus,* 46 AD2d 868; *People v Kalicki,* 49 AD2d 1032), sexual misconduct (Count No. 3) is an inclusory concurrent count of rape in the first degree (see CPL 300.30, subd 4) and attempted grand larceny in the third degree is an inclusory concurrent count of attempted robbery in the second degree (see CPL 300.30, subd 4; cf. *People v God,* 56 AD2d 636). As such, we are, *sua sponte,* dismissing the inclusory concurrent counts (see CPL 300.40, subd 3, par [b]). We find no merit in the other contentions raised by the defendant. Hopkins, J. P., Martuscello, Gulotta and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE H. WHITTEMORE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 17, 1977, convicting him of criminal possession of stolen property in the first degree, after a nonjury trial, and imposing sentence. By order dated February 27, 1978, this court held the appeal in abeyance and remanded the case to the County Court for the purpose of making specific findings on the issue of the voluntariness of defendant's alleged confession *(People v Whittemore,* 61 AD2d 845). The County Court has complied and found that the confession was voluntarily made. Judgment modified, on the law and the facts, by reducing the conviction of criminal possession of stolen property in the first degree to a conviction of criminal possession of stolen property in the second degree, and vacating the sentence imposed thereon. As so modified, judgment affirmed and case remanded to the County Court for resentence on the conviction of criminal possession of stolen property in the second degree. Defendant contends that his conviction of the crime charged was erroneous since the prosecution failed to prove that the value of the property exceeded $1,500 (see Penal Law, § 165.50). We agree. The evidence presented shows that the money orders were sold for $600. Section 155.20 (subd 2, par [a]) of the Penal Law does not govern since the stolen money orders were blank as to the amount. Accordingly, we have reduced defendant's conviction to one of criminal possession of stolen property in the second degree (see Penal Law, § 165.45). We have examined defendant's other contentions and find them to be without merit. Titone, J. P., Rabin, Shapiro and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel., STEPHEN MENDO-LIA, Respondent, v SUPERINTENDENT OF THE GREEN HAVEN CORRECTIONAL FACILITY et al., Appellants.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Dutchess County, entered February 16, 1978, which directed that petitioner be restored to parole under the conditions theretofore in effect. Judgment affirmed, without costs or disbursements. No opinion. Damiani, J. P., Shapiro and Cohalan, JJ., concur; Suozzi, J., dissents and votes to reverse the judgment and dismiss the petition, with the following memorandum: In my view, neither petitioner's constitutional right to a final parole revocation hearing, nor his right to a time assessment disposition at said hearing, as mandated by the rules of the Board of Parole, was violated. Accordingly, the petition should have been dismissed. The petitioner was serving two concurrent indeterminate sen-

tences of imprisonment imposed by the Supreme Court, Queens County. On January 16, 1976 he was released on parole. On February 23, 1977 he was arrested and charged with grand larceny in the second degree and reckless driving, and was confined in the Dutchess County Jail in Poughkeepsie. On February 25, 1977 a parole violation warrant was filed against petitioner charging him with four parole violations. Petitioner waived a preliminary hearing. On March 15, 1977 petitioner pleaded guilty to misdemeanor charges of reckless driving and unauthorized use of a motor vehicle. On April 7, 1977 petitioner was granted a final revocation hearing and the parole violation was sustained as to charges one, two and three. No time assessment or other disposition was made at that time. On April 12, 1977, in the City Court of the City of Poughkeepsie the petitioner was sentenced to concurrent definite terms of imprisonment of one year upon his convictions of reckless driving and unauthorized use of a motor vehicle. Petitioner was returned to State prison on or about December 19, 1977 and, on December 21, 1977, petitioner appeared before the Board of Parole for a time assessment hearing. At that hearing, petitioner was ordered to be held nine months for the August, 1978 board. In granting the petition, the Special Term held that the bifurcation of the final revocation hearing violated the constitutional requirements enunciated in *Morrissey v Brewer* (408 US 471), as well as the Board of Parole's own rules (see 7 NYCRR 1925.35 [k] [2] [i]). I disagree. In *Morrissey v Brewer (supra),* the Supreme Court of the United States merely held that due process required a prompt preliminary hearing (which was waived by this petitioner) and a prompt final revocation hearing with minimum procedural requirements prior to the revocation of parole. A time assessment determination was not one of the requirements listed in *Morrissey.* This court, in *People ex rel. Royster v Bombard* (55 AD2d 940, 941), held that the Court of Appeals decision in *People ex rel. Walsh v Vincent* (40 NY2d 1049), requiring a prompt final revocation hearing even though the violation of parole may have involved the commission of another crime, is controlling in New York State, rather than *Moody v Daggett* (429 US 78), and that the failure to conduct a prompt parole revocation hearing will lead to a restoration of parole. However, the mandates of *Morrissey, Royster* and *Walsh* were satisfied in this case because a final parole revocation hearing was held within two months after petitioner was taken into custody on the new charges and his parole was revoked. This conceded fact constitutes the crucial distinction between this case and the other cases cited by petitioner in his moving papers. The petitioners in the latter cases never received a prompt revocation hearing. The failure of the Board of Parole to make a time assessment determination in April, 1977 did not extend petitioner's original sentence or restrict his freedom in any manner, since he was already in custody on the new charges. Accordingly, petitioner's attack on the board's conduct, based on due process grounds, must fall. With respect to the rules of the Board of Parole, 7 NYCRR 1925.35 provides: "(k) At the conclusion of a final violation hearing * * * (2) if the board panel is satisfied that there is substantial evidence that the releasee violated one or more conditions of release the panel shall affirm the violation; and (i) if the board panel affirms the violation and is satisfied that the releasee should be re-incarcerated the panel shall direct the releasee's re-incarceration and shall fix a date for consideration by the board for re-release on parole or conditional release, as the case may be." However, this rule is not applicable to the situation where the parolee has been sentenced and incarcerated for the commission of a new crime, since no prejudice is suffered by the parolee in having the time assessment made at the expira-

tion of his misdemeanor sentence. At that point, i.e., December 21, 1977, the board complied with its rules by ordering petitioner held for nine months for reconsideration by the August, 1978 board (see *Matter of Dubay v LeFevre,* 60 AD2d 263, 269). Accordingly, the petition should be dismissed.