■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL E. WILSON, JR., Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Orange County, imposed July 6, 1977, upon his conviction of robbery in the second degree, on his plea of guilty, the sentence being an indeterminate prison term not to exceed 12 years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to an indeterminate prison term not to exceed seven years. The sentence was excessive to the extent indicated herein. Gulotta, J. P., Shapiro, Cohalan and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRVING ELLINGTON, Appellant, v STEPHEN DALSHEIM, as Superintendent of the Ossining Correctional Facility, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated July 19, 1978, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. It is well settled that a parole violator is entitled to a prompt parole revocation hearing (Executive Law, § 259-i, subd 3, par [f], cl [i]; People ex rel. Walsh v Vincent, 40 NY2d 1049; Matter of Good v Hammock, 64 AD2d 1011; People ex rel. Royster v Bombard, 55 AD2d 940). This rule however, is of no assistance to petitioner since the record indicates that it was his fault that the revocation hearing was not promptly held. Suozzi, J. P., Lazer, Cohalan and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIDNEY MILLER, Appellant, v DAVID HARRIS, as Superintendent of the Green Haven Correctional Facility, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated December 20, 1978, which dismissed the petition. Judgment affirmed, without costs or disbursements (see People ex rel. Schmidt v La Vallee, 39 NY2d 886). Mollen, P. J., Damiani, O'Connor and Rabin, JJ., concur.