■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD CHRISTIANSON, Appellant, v HAROLD J. SMITH as Superintendent of Attica Correctional Facility, et al., Respondents. — Judgment unanimously affirmed. Memorandum: Relator commenced this

habeas corpus proceeding claiming that the Parole Board's failure to revoke his parole on a 1964 sentence of 20 years to life for murder entitles him to serve the remainder of that sentence on parole despite the fact that in 1977, while on parole, he was convicted of other crimes for which he received a maximum sentence of 12½ to 25 years to be served consecutive to the murder sentence. Relator does not challenge the legality of these sentences. He argues only that the prior sentence cannot be interrupted by the later sentence because the Parole Board divested itself of jurisdiction by failing to revoke his parole on the murder sentence. He submits that the later sentence cannot commence until the prior sentence is completed. Special Term rejected this argument. We agree.

Parole on a previous sentence does not prohibit commencement of another valid sentence. Relator had to be remanded to a correctional facility on the new sentence (*Matter of Carter v New York State Dept. of Parole,* 58 AD2d 975, mot for lv to app den 42 NY2d 810; *People ex rel. England v New York State Bd. of Parole,* 55 AD2d 1013). The fact that the later sentence was imposed consecutively has no bearing on where or when relator serves his time, but only on how much time he must serve (cf. *Matter of Smith v Chairman of N. Y. State Bd. of Parole,* 60 AD2d 775, affd 44 NY2d 982). We have considered the other points raised by relator and find them lacking in merit. (Appeal from judgment of Supreme Court, Wyoming County, Newman, J. — habeas corpus.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.