■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND ALEXANDER, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. —Levine, J. Appeals (1) from a judgment of the Supreme Court at Special Term (Brown, J.), entered December 18, 1984 in Clinton County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing, and (2) from a judgment of said court, entered March 18, 1985, which denied petitioner's motion for reargument.

Petitioner was conditionally paroled in 1973 after serving six years of a 5- to 10-year sentence for attempted rape. While on parole he was arrested, and in July of 1975, he was convicted of the crimes of attempted rape in the first degree and sexual abuse in the first degree and was sentenced to concurrent prison terms of 7½ to 15 years and 3½ to 7 years. As a result of these new criminal charges, a parole violation warrant was issued in June of 1975. Twenty-five months later, in July of 1977, petitioner was given notice that a final parole revocation hearing would be scheduled. Petitioner did not attend the hearing which was held on August 16, 1977, and at which he was assessed 24 months and 1 day delinquent time. When the conditional release date on his 1975 sentence was reached and release was denied solely because of the parole revocation determination, petitioner sought relief via the instant habeas corpus proceeding. At the hearing before Special Term, he argued that the 26-month delay between the issuance of the parole revocation warrant in June of 1975 and the final revocation hearing held in August of 1977 was unreasonable per se and, therefore, the warrant should be dismissed with prejudice and he should be restored to parole status. However, Special Term, relying upon this court's decision in *Matter of Dubay v LeFevre* (60 AD2d 263), found that petitioner was not prejudiced by the delay since he was incarcerated during that time period because of the 1975 conviction and not because of the parole revocation warrant. On that basis, Special Term dismissed the writ and denied petitioner's motion for reargument.

On appeal, petitioner again contends that he was not afforded a prompt final revocation hearing and argues that he does not have to show prejudice because of the delay. Respondents maintain that petitioner is not entitled to such relief because (1) he was not prejudiced by the delay, (2) he did not

attend his final hearing and thereby waived the right to challenge the timeliness of the hearing, and (3) habeas corpus is not the appropriate remedy in this case.

For the reasons hereinafter discussed, we reverse. Correction Law former § 212 (7) (repealed eff Jan. 1, 1978), which is applicable here since the operative facts occurred between 1975 and 1977, mandated that the Parole Board hold a final revocation hearing "at the first available opportunity" after reasonable cause had been established to believe that a condition of parole had been violated. This time constraint necessitated that the hearing be held within a "reasonable time" *(Matter of Beattie v New York State Bd. of Parole,* 39 NY2d 445, 447), and entitled petitioner to a "prompt" hearing *(People ex rel. Walsh v Vincent,* 40 NY2d 1049, 1050). The 26-month delay here was not reasonable and petitioner did not receive a prompt hearing *(see, Matter of Hernandez v Hammock,* 63 AD2d 861 [14-month delay held unreasonable]; *Matter of Smith v Chairman of N. Y. State Bd. of Parole,* 60 AD2d 775, *affd* 44 NY2d 982 [17-month delay]; *People ex rel. Jones-El v Superintendent of Green Haven Correctional Facility,* 51 AD2d 1049 [18-month delay]; *People ex rel. McNair v West,* 77 Misc 2d 150, *affd* 46 AD2d 741, *lv denied* 36 NY2d 644 [19-month delay]).

Furthermore, the fact that petitioner was incarcerated because of subsequent convictions did not justify the tardiness in scheduling his hearing *(see, People ex rel. Gonzales v Dalsheim,* 52 NY2d 9, 14, n 2; *People ex rel. Walsh v Vincent, supra,* p 1051), and petitioner was not required to show that he suffered actual prejudice because of the delay *(People ex rel. Gonzales v Dalsheim, supra).* To the extent that this court's decision in *Matter of Dubay v LeFevre* (60 AD2d 263, *supra)* held that unreasonable delay could be obviated by either a lack of demonstrated prejudice or the fact that a parolee's continued detention was from a conviction on a subsequent offense, it must be overruled. *Dubay* was decided before the Court of Appeals decision in *People ex rel. Gonzales v Dalsheim (supra).* In *Gonzales,* the court expressly held that under Correction Law former § 212 (7), those circumstances are not grounds to avoid the effects of the failure to hold a prompt final revocation hearing *(supra,* at p 14, n 2). Thus, petitioner is entitled to have his parole revocation warrant dismissed with prejudice and to be restored to conditional parole status.

We are unpersuaded by respondents' argument that petitioner waived his right to a prompt final hearing by refusing

to attend the August 1977 hearing. The final hearing could be and was held in petitioner's absence *(see, Matter of White v New York State Div. of Parole,* 60 NY2d 920, 922). In order to constitute a waiver of a prompt hearing, petitioner's refusal to attend would have had to cause the delay *(People ex rel. Diamond v Flood,* 100 AD2d 604, 605; *People ex rel. Sincento v New York State Bd. of Parole,* 78 AD2d 574). Since petitioner's refusal occurred in July of 1977, some 26 months after the parole revocation warrant was issued, he did not in any way contribute to the delay.

Finally, contrary to respondents' argument on appeal, habeas corpus may be a proper vehicle for obtaining the relief sought herein *(People ex rel. Walker v New York State Bd. of Parole,* 98 AD2d 33, 35; *People ex rel. Van Fossen v Dillon,* 72 AD2d 166, 168), and it is well suited to cases where a final hearing was not promptly scheduled *(People ex rel. Walker v New York State Bd. of Parole, supra,* p 35; *Matter of Smith v Chairman of N. Y. State Bd. of Parole,* 60 AD2d 775, *supra; People ex rel. Jones-El v Superintendent of Green Haven Correctional Facility,* 51 AD2d 1049, *supra).* Petitioner's failure to raise the issue of delay at the final hearing does not affect this conclusion. Obviously, even if petitioner had appeared before the Parole Board at the hearing to raise the objection, the Parole Board could not have cured the delay of over two years which had already occurred and which we hold was fatal to the revocation proceeding. Under such circumstances, petitioner was not required to resort to a futile administrative remedy before seeking judicial relief *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *People ex rel. Thompson v Wilmot,* 124 Misc 2d 688, 690).

Judgments reversed, on the law, with costs, and matter remitted to respondents for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.