In the Matter of FRANCIS J. HIGGINS, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant.—In a proceeding pursuant to CPLR article 78 to (1) vacate the parole violation warrant lodged against petitioner and (2) restore him to parole, the appeal is from a judgment of the Supreme Court, Nassau County, entered April 3, 1979, which granted the petition. Judgment affirmed, without costs or disbursements. Petitioner was paroled in 1966 from a sentence of imprisonment imposed in 1948. On May 27, 1970 a parole violation warrant was issued against petitioner charging him with having violated the conditions of his parole as a result of his arrest in California upon concealed weapon and explosives charges. Thereafter, and without petitioner having been retaken on the New York State warrant, he was arrested, convicted and incarcerated in 1972 upon Federal bank robbery charges. A detainer was lodged with the Federal correctional facility to ensure petitioner's availability for execution of the parole violation warrant at such time as he would be released from Federal incarceration. The warrant was not executed however. Although petitioner requested a final parole revocation hearing, and although the warden of the Federal correctional facility indicated that upon a request by New York authorities petitioner would be transferred to the Federal Metropolitan Correctional Center in New York, a location within the convenience and practical control of New York authorities, appellant, New York State Division of Parole, refused to take any steps towards such transfer for the purpose of scheduling a hearing. In fact, petitioner was not accorded a hearing until August 20, 1979, well after the decision by Special Term to reinstate him to parole and after appellant initiated the present appeal. In support of its position, appellant relies upon the case of *Moody v Daggett* (429 US 78), wherein it was held that a parole authority is under no obligation to execute a parole violation warrant prior to the parolee's release from an intervening incarceration. This reliance is misplaced. We previously held that *People ex rel. Walsh v Vincent* (40 NY2d 1049) rather than *Moody v Daggett (supra)* controls in New York (see *People ex rel. Royster v Bombard,* 55 AD2d 631). A prompt final parole revocation hearing is required whenever a parolee is, or may be, brought within the convenient and practical control of the parole authorities. Section 259-i (subd 3, par [f], cl [i]) of the Executive Law mandates, in the absence of exceptions specified therein, a 90-day period from the probable cause determination for the scheduling of a final parole revocation hearing. The fact that on August 20, 1979 petitioner was afforded a hearing at which a parole violation was found does not vitiate the earlier

prejudicial delay, and may not be relied upon to excuse appellant's failure to act. Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.