■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEON BROWN, Appellant, v WILSON WALTERS, as Superintendent of Ossining Correctional Facility, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered October 23, 1980, which dismissed the petition. Judgment reversed, on the law and the facts, without costs or disbursements, petition granted with prejudice, and petitioner is restored to parole under the conditions heretofore in effect. Petitioner was paroled on October 16, 1979 from a sentence of zero to three years imprisonment imposed on April 21, 1978, upon his conviction of the crime of robbery in the third degree. The maximum expiration date of the sentence was January 17, 1981. He was arrested in New Jersey on November 30, 1979 for an offense, or for offenses, committed by him in that State. A New York State parole violation warrant was lodged against petitioner on January 7, 1980, while he was incarcerated in a New Jersey jail. On that date he waived his right to a preliminary parole revocation hearing. Thereafter, and without having been retaken on the New York State warrant, (a) petitioner was sentenced by a New Jersey court to serve one year in a jail in that State upon his conviction of criminal possession of stolen property, and (b) upon the completion of his sentence in New Jersey on August 14, 1980, petitioner was returned to the Ossining Correctional Facility in this State. Petitioner was afforded a final revocation hearing on September 18, 1980, the same day on which the writ of habeas corpus was issued. Although petitioner waived his right to a preliminary parole hearing on January 7, 1980, the same day on which the New York State parole warrant was lodged against him at the New Jersey detention facility, no proof has been adduced herein by the respondent Board of Parole, beyond submission of proof that petitioner was incarcerated in

the State of New Jersey from November 30, 1979 to August 14, 1980, that it took any steps toward having petitioner transferred to this State for the purpose of scheduling a final revocation hearing. In a similar vein, the board has failed to tender any proof that significant difficulties would have been encountered by it in arranging for petitioner's presence at a final revocation hearing in this State. On this record it cannot be said that the Board of Parole has met its burden of showing that petitioner was not or could not have been brought within its convenient and practical control during the period from January 7, 1980 to August 14, 1980 (see *People ex rel. Gonzales v Dalsheim,* 52 NY2d 9, 15-16; *Matter of Higgins v New York State Div. of Parole,* 72 AD2d 583). Furthermore, we disagree with Special Term's view that the "convenient and practical control" rule is only relevant in a situation where the parolee is in the sister State at the time of his arrest pursuant to the Uniform Act for Out-of-State Parolee Supervision (Executive Law, § 259-m *et seq.).* In the present case it is evident that petitioner, prior to his arrest in New Jersey, had violated the conditions of his parole by leaving New York State without approval, and without advising New York parole authorities of his whereabouts. The time during which an absconding parolee has avoided apprehension by secreting himself in a sister State extends the 90-day period within which a final revocation hearing must be held (see Executive Law, § 259-i, subd 3, par [f], cl [i]) However, we are of the opinion that once an absconding parolee has been apprehended in a sister State and a detainer warrant lodged against him by this State's parole authorities, the question as to whether such person is, or may be, brought within the convenient and practical control of this State's Board of Parole then becomes relevant. As noted in *People ex rel. Gonzales v Dalshiem* (52 NY2d 9, 15, *supra),* the compact between New York and New Jersey for out-of-State parole supervision (Executive Law, § 259-m *et seq.;* NJ Stat Ann, § 2A:168-14 *et seq.),* while containing explicit provisions for supervision by the receiving State, over parolees of the sending State, in addition manifests *"a general disposition and readiness to foster interstate cooperation in parole matters"* (emphasis supplied). Accordingly, the judgment of Special Term is reversed, the writ of habeas corpus sustained and petitioner restored to parole supervision. Damiani, J. P., Titone, Lazer, and Gibbons, JJ., concur.