■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT VAN ORDER, Appellant, v WILSON J. WALTERS, as Superintendent of the Ossining Correctional Facility, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Daronco, J.), entered February 24, 1981, denying his petition and dismissing the writ. Judgment reversed, on the law, without costs or disbursements, petition granted with prejudice, and it is directed that Herbert Van Order be restored to parole under the conditions heretofore in effect. In 1974, petitioner was convicted in the Supreme Court, Kings County, of robbery in the first degree and was sentenced to a term of imprisonment. He was paroled on this conviction on June 29, 1978, his maximum expiration date being set at October 10, 1982. On March 25, 1979, petitioner was arrested in Warren County, New Jersey, for the crimes of breaking and entering and larceny. He was subsequently indicted, pleaded guilty in Superior Court, Warren County, to breaking and entering, and, on June 29, 1979, was sentenced by that court to a two-to four-year prison term. The sentence contained the following provisions: "Defendant to be released to New York State authorities for disposition of Parole Violation there. Sentence to run concurrent with any sentence imposed by New York State. * * * Defendant to receive credit for time served in New York State Prison on violation of Parole sentence when imposed. If New York State Prison sentence is not of same duration, defendant to be returned to New Jersey State Prison to complete sentence there." On April 5, 1979, a New York State parole warrant had been lodged as a detainer against petitioner at the Warren County Jail. Notwithstanding the order of release contained in the sentence, petitioner was transferred to Leesburg State Prison in New Jersey where he commenced serving his New Jersey sentence. In October, 1979, officials at the Leesburg Prison received a notice from New York parole officials that the parole warrant lodged at the Warren County Jail was simply a detainer and that, after completion of petitioner's New Jersey sentence, he should be returned to New York. Petitioner wrote to the New York parole authorities, purportedly seeking to be returned to New York in accordance with his New Jersey sentence. Apparently, he received no substantive response to his inquiries. In an affidavit by petitioner's New Jersey public defender, dated November 30, 1979, the sentencing court was informed that the conditions of the sentence had not been fulfilled, since New York had refused to extradite petitioner. Subsequently, private counsel was assigned to represent petitioner, and, at the sentencing court's request, wrote to the New York parole authorities to explain a proposed consent order worked out between his client and the Warren County prosecutor's office. That order,

which was entered on May 19, 1980, in Superior Court, Warren County, directed, *inter alia,* that, upon his waiver of extradition, petitioner be immediately released to the proper New York authorities so that he might be transported to New York to face the charge of parole violations. Despite the terms of the consent order, petitioner was not returned to New York until he was paroled from Leesburg Prison on September 23, 1980. On that date, he waived extradition and was returned to New York on September 25, 1980. Thereafter, petitioner was served with a notice of parole violations. On November 25, 1980, he waived a preliminary hearing on these violations and, on December 15, 1980, a final parole revocation hearing was held. On January 16, 1981, the parole violations were sustained, parole was revoked, and petitioner was ordered to be returned to the State Department of Correctional Services and held to the maximum expiration of his term. An alleged parole violator is entitled to a preliminary parole revocation hearing within 15 days after the execution of the parole revocation warrant (Executive Law, § 259-i, subd 3, par [c], cl [i]) and a final revocation hearing within 90 days of the preliminary hearing (Executive Law, § 259-i, subd 3, par [f], cl [i]). If the parolee is in custody, but not within the jurisdiction of the Parole Board, a prompt final parole revocation hearing is required whenever he is, or may be brought, within the convenient and practical control of the parole authorities. (*Matter of Higgins v New York State Div. of Parole,* 72 AD2d 583; see *People ex rel. Walsh v Vincent,* 40 NY2d 1049; *People ex rel. Royster v Bombard,* 55 AD2d 631.) The burden of showing that the parolee is, or was, beyond this convenience and control lies with correctional or parole authorities. (*People ex rel. Walsh v Vincent, supra,* p 1050.) In this case, those authorities have failed to sustain their burden. In fact, the record contains overwhelming evidence that New Jersey officials would have made petitioner available for New York parole revocation hearings after June 29, 1979, the date of his sentencing in that State. The record also reveals that New York parole authorities were notified of this fact by petitioner's assigned counsel in a letter dated April 21, 1980. In the same letter, notice was given of the then proposed consent order, which was entered May 19, 1980 and which authorized petitioner's release to New York parole authorities. Therefore, at least since April 21, 1980, well after we decided *Matter of Higgins v New York State Div. of Parole* (72 AD2d 853, *supra*), the uncontradicted evidence demonstrates that petitioner was, and was known to be, available for parole revocation hearings in this State. (Cf. *People ex rel. Delrow v New York State Div. of Parole,* 81 AD2d 391, 396.) Nevertheless, it was not until December 15, 1980, after his release from prison in New Jersey, that petitioner was given a final parole revocation hearing. In *Higgins* (*supra*), a New York parolee was incarcerated in an out-of-State Federal facility, and, just as the New Jersey officials in this case would have made petitioner available for New York parole revocation hearings, so also would have Federal officials in that case. And just as New York authorities in *Higgins* failed to take advantage of the parolee's availability for revocation hearings and promptly afford him such hearings, so also have they failed in this case. In *Higgins,* this failure resulted in the parolee's restoration to parole. In this case, we must do the same. (See *People ex rel. Levy v Dalsheim,* 66 AD2d 827, affd 48 NY2d 1019; *Matter of Schwartz v Warden, New York State Correctional Facility at Ossining,* 82 AD2d 870.) Accordingly, the petition is granted with prejudice, the writ sustained, and petitioner is restored to parole status. Damiani, J. P., Lazer, Mangano and Weinstein, JJ., concur.