■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DUVAL BLAIR, Appellant, v WILSON J. WALTERS, III, as Superintendent of Ossining Correctional Facility, et al., Respondents. — In two habeas corpus proceedings, in which petitioner seeks to be restored to parole status, he appeals (1) from a judgment of the Supreme Court, Westchester County (Walsh, J.), dated September 1, 1981, which dismissed one of the proceedings, (2) as limited by his brief, from so much of an order of the same court, dated October 15, 1981, as, in effect, upon granting reargument, adhered to its original determination, and (3) from a judgment of the same court (Beisheim, J.), dated February 1, 1982, which dismissed the second proceeding. Appeal from the judgment dated September 1, 1981, dismissed, without costs or disbursements. Said judgment was superseded by the order dated October 15, 1981. Order dated October 15, 1981 affirmed, insofar as appealed from, without costs or disbursements. No opinion. Judgment dated February 1, 1982 reversed, on the law and the facts, without costs or disbursements, petition granted, with prejudice, and petitioner is restored to parole under the conditions heretofore in effect. Special Term correctly held, as to the petition dated July 17, 1981, that "[t]here was no showing that [petitioner] requested a prompt revocation hearing coupled with an offer by the Federal authorities to transfer petitioner to a location within this State which was within the convenience and practical control of New York parole authorities". As to the second petition, filed in November of 1981, the additional facts submitted indicate that petitioner was denied his right to a final parole revocation hearing within a reasonable time under former subdivision 7 of section 212 of the Correction Law. Prior to the Court of Appeals decision in *People ex rel. Gonzales v Dalsheim* (52 NY2d 9) and this court's decision in *Matter of Higgins v New York State Div. of Parole* (72 AD2d 583) the Parole Board was under no duty to provide a final parole revocation hearing to an alleged parole violator who was held in a prison outside the State pursuant to convictions for crimes committed while on parole (*People ex rel. Spinks v Dillon,* 68 AD2d 368, app dsmd 48 NY2d 1025). The rule announced in *Gonzales* and *Higgins,* however, makes it clear that the guiding principle is "whether the parolee was 'subject to the convenience and the practical control of the Parole Board'" so as to give rise to his right to a prompt revocation

hearing (*People ex rel. Gonzales v Dalsheim, supra,* p 14; *Matter of Higgins v New York State Div. of Parole, supra*). Very recently we held that the *Gonzales* and *Higgins* decisions should not be given retroactive application (*People ex rel. Julio v Walters,* 88 AD2d 259). The record herein, however, reveals that subsequent to the *Higgins* determination in October, 1979, petitioner made numerous efforts to obtain a final parole revocation hearing while he was incarcerated in a Federal prison. Additionally, petitioner submitted a copy of a progress report from the United States Department of Justice, Bureau of Prisons, dated September 10, 1980, indicating that it had communicated, to no avail, with New York authorities concerning petitioner's parole status. We noted in *Matter of Higgins v New York State Div. of Parole* (*supra*), if the parolee may be brought within the convenience and practical control of parole authorities, a prompt final revocation hearing is required (see *People ex rel. Walsh v Vincent,* 40 NY2d 1049). The burden of showing that the parolee is beyond such convenience or practical control lies with respondent (*People ex rel. Walsh v Vincent, supra,* p 1050; *People ex rel. Van Order v Walters,* 86 AD2d 619). The record herein indicates that well after respondents were deemed to be aware of the rule announced in *Matter of Higgins v New York State Div. of Parole* (*supra*), they failed to utilize the Federal policy of co-operation with State prison authorities to afford petitioner a prompt final revocation hearing. Accordingly, Special Term erred in dismissing the second petition. Lazer, J. P., Gulotta, Bracken and Boyers, JJ., concur.