◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDDIE PORRO, Respondent, v WILSON WALTERS, as Superintendent of Ossining Correctional Facility, et al., Appellants. — In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated March 25, 1981, which vacated a parole warrant lodged against petitioner and directed that he be released from custody and restored to parole status. Judgment affirmed, without costs or disbursements. The record indicates that petitioner was convicted in New York on a charge of criminal sale of a controlled substance and on June 22, 1976 was sentenced to one year to life in prison. He was paroled on November 10, 1978. Thereafter he was arrested in Florida in June, 1980 for crimes committed therein, and was subsequently sentenced. A New York parole violation warrant was lodged with the Florida authorities on June 18, 1980. In his memorandum of law submitted in support of his petition for habeas corpus relief, petitioner alleged, and it was uncontradicted by the appellants, that he thereafter waived extradition and asked for a final parole revocation hearing. Nevertheless no efforts were made by the New York parole authorities to grant petitioner's request. Petitioner served his time in Florida and was returned to New York in December, 1980. He was given his final revocation hearing on March 11, 1981. In October, 1979 this court held that when a parolee is incarcerated in a foreign jurisdiction due to a conviction arising out of crimes committed therein and is therefore not within the jurisdiction of the New York Parole Board he must still be granted a prompt final revocation hearing when he is or may be brought within the convenience and practical control of the New York parole authorities (*Matter of Higgins v New York State Div. of Parole,* 72 AD2d 583). The burden of showing that the parolee is, or was, beyond this convenience and control lies with correction or parole authorities (*People ex rel. Walsh v Vincent,* 40 NY2d 1049, 1050). It is clear from this record that at least from mid-June, 1980, well after we decided *Matter of Higgins v New York State Div. of Parole (supra),* the appellants were aware of petitioner's whereabouts, as well as his desire for a final parole revocation hearing. Nevertheless, it was not until March 11, 1981, after his release from prison in Florida, that petitioner was given a final parole

revocation hearing. In the absence of any valid explanation for this delay, the petitioner must be restored to parole (*Matter of Higgins v New York State Div. of Parole, supra; People ex rel. Van Order v Walters,* 86 AD2d 619). Damiani, J. P., Lazer, Gibbons and Rubin, JJ., concur.