■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARLSON TANNER, Appellant, v WILSON WALTERS, as Superintendent of the Ossining Correctional Facility, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Slifkin, J.), entered September 19, 1980, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition granted with prejudice, and petitioner is restored to parole supervision under the conditions heretofore in effect. On April 16, 1969 petitioner was convicted, *inter alia,* of manslaughter in the second degree and sentenced to concurrent, indeterminate terms of imprisonment with a maximum expiration date of March 13, 1998. Subsequently, on January 14, 1977, petitioner was released on parole and placed under the supervision of the New Jersey parole authorities pursuant to section 259-m *et seq.* of the Executive Law, more commonly known as the Interstate Compact for Out-of-State Parole Supervision. Thereafter, during November of 1979, the petitioner was arrested in the State of New Jersey

on weapons-related charges, and held for the action of the Grand Jury. On December 6, 1979, a preliminary parole revocation hearing was conducted *in New Jersey* by the New Jersey authorities pursuant to subdivision 3 of section 259-o of the Executive Law (another portion of the Interstate Compact), and a finding of "probable cause" was made. The dispositional order entered upon the conclusion of that hearing further provided: "The subject is to be returned to the State of New York to remain in confinement pending his final revocation hearing when deemed available for return by B.I.S. and N.Y. authorities". The foregoing determination was subsequently sent to the "Paroling Authority-N.Y." and a copy was also sent to the petitioner. On December 21, 1979, a parole violation warrant was lodged against the petitioner by the New York State Division of Parole. The next indication of any overt activity occurred on June 1, 1980, when the petitioner was convicted in the State of New Jersey and received a suspended sentence. He was subsequently returned to the State of New York on July 8, 1980, and on August 25, 1980 was afforded a final parole revocation hearing. As a result of said hearing, the petitioner's parole was revoked effective October 28, 1979, i.e., the date of delinquency. In October, 1979 this court held that when a parolee is incarcerated in a foreign jurisdiction due to a conviction arising out of crimes committed therein and is therefore not within the jurisdiction of the New York Parole Board he must still be granted a prompt final revocation hearing when he is or may be brought within the convenience and practical control of the New York parole authorities (*Matter of Higgins v New York State Div. of Parole,* 72 AD2d 583). The burden of showing that the parolee is, or was, beyond this convenience and control lies with correction or parole authorities (*People ex rel. Walsh v Vincent,* 40 NY2d 1049, 1050). In this case, the authorities have failed to sustain their evidentiary burden. The record contains overwhelming evidence that New Jersey officials would have made petitioner available to New York for parole revocation hearings at least after December 6, 1979, the date of the New Jersey Bureau of Parole "Probable Cause Decision". This was well after the decision of this court in *Matter of Higgins v New York State Div. of Parole* (*supra*). The record also reveals that the New York parole authorities were notified of this fact. However, it was not until after the petitioner's release from incarceration in New Jersey on July 8, 1980 that he was returned to New York for a final parole revocation hearing. As this court stated in *Matter of Higgins v New York State Div. of Parole* (*supra,* pp 583-584): "The fact that [the] * * * petitioner was [subsequently] afforded a hearing at which a parole violation was found * * * may not be relied upon to excuse [the Parole Board's] failure to act." The respondents' failure to afford the petitioner a prompt final revocation hearing or to excuse their failure to do so by showing that the petitioner was beyond their convenience and practical control mandates his immediate restoration to parole. *People ex rel. Julio v Walters* (88 AD2d 259) is distinguishable on its facts. Damiani, J. P., Gulotta, Rubin and Boyers, JJ., concur.