■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES HORAN, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), entered July 7, 1982, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition granted with prejudice, and petitioner is restored to parole supervision under the conditions heretofore in effect. In March, 1980, petitioner James Horan, a New York parolee, was in custody in Florida for two unrelated crimes, petit theft and burglary. He was convicted and sentenced on the former

to 30 days and on the latter to 2 years. Respondent New York State Division of Parole (hereinafter respondent) issued a parole violation warrant which was lodged against petitioner on May 9, 1980 at the Florida jail where petitioner was in custody. On the same day, petitioner waived his right to a preliminary revocation hearing. Following completion of his Florida imprisonment, petitioner was transferred to respondent's custody on February 4, 1982, and a final parole revocation hearing was held on March 16, 1982. Petitioner then commenced this proceeding for a writ of habeas corpus on the ground that respondent had failed to afford him a final parole revocation hearing within 90 days after his waiver of the preliminary hearing. Respondent argued that petitioner, while in Florida, was not within its practical control. Annexed to the answering affidavit was a form letter, dated January 19, 1981, which was sent to the Florida administrator of the interstate compact for out-of-State parolee supervision (see Executive Law, § 259-m). The letter requested specific information regarding future requests for revocation hearings of New York State parolees held in Florida's custody. It was alleged that the Division of Parole had not received any response to that letter. One of respondent's attorneys also averred that no other jurisdiction had agreed to conduct a final parole revocation hearing for New York. Special Term dismissed the petition on the ground that respondent had made the minimal showing that petitioner was not within its convenience and practical control during his incarceration in Florida. We disagree. A parolee is entitled to a prompt final revocation hearing as long as he is, or may be, brought within the convenience and practical control of the Division of Parole (*People ex rel. Walsh v Vincent,* 40 NY2d 1049). Imprisonment in a sister State facility, however, does not necessarily mean that a parolee is not subject to the convenience and control of the New York State parole authorities (*People ex rel. Gonzales v Dalsheim,* 52 NY2d 9; *Matter of Higgins v New York State Div. of Parole,* 72 AD2d 583). Rather, respondent must provide "[e]vidence of the reluctance or unwillingness of the correctional authorities in the sister State to co-operate in making appropriate provision for a suitable hearing" (*People ex rel. Gonzales v Dalsheim, supra,* p 15). We believe that respondent's showing of inconvenience was deficient, since the letter was merely general, did not specifically relate to petitioner and was sent five months after the expiration of the 90-day period in which the final hearing was required to have been held. Thus, respondent failed to demonstrate that it could not have brought petitioner within its control during the crucial period between May 9, 1980 and August 7, 1980 (*People ex rel. Gonzales v Dalsheim, supra,* p 16). Accordingly, the delay was unreasonable and requires reinstatement of parole (see *People ex rel. Levy v Dalsheim,* 66 AD2d 827, affd 48 NY2d 1019; *People ex rel. Delgado v Walters,* 91 AD2d 1053). Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.