■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR DELGADO, Appellant, v WILSON WALTERS, as Superintendent of the Ossining Correctional Facility, Respondent. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated July 1, 1981, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition granted with prejudice, and petitioner is restored to parole supervision under the conditions heretofore in effect. On January 10, 1974, petitioner was sentenced to imprisonment for a term of 5 to 15 years after being convicted of the crime of robbery. On August 1, 1979 he was paroled with a maximum expiration date of November 18, 1987. In November, 1979 he absconded from supervision and was declared delinquent as of November 13, 1979. Petitioner was arrested in New Jersey on October 28, 1980 and thereafter a parole violation warrant was lodged against him with the New Jersey authorities. On December 23, 1980, he appeared before a Judge in New Jersey, posted bail, and waived extradition to New York. On December 29, 1980, petitioner was returned to New York where he was served with charges and, according to respondent, he waived a preliminary hearing. Petitioner denies that he ever waived the preliminary hearing. On February 17, 1981, a final revocation hearing was held and parole was revoked. On or about April 20, 1981, petitioner commenced this habeas corpus proceeding. An alleged parole violator is entitled to a preliminary parole revocation hearing within 15 days after the execution of the parole revocation warrant (Executive Law, § 259-i, subd 3, par [c], cl [i]) and a final revocation hearing within 90 days of a determination of probable cause made at a preliminary hearing (Executive Law, § 259-i, subd 3, par [f], cl [i]). If the parolee is in the custody of the authorities of a sister State, a timely final revocation hearing is required whenever he is, or may be, brought within the convenience and practical control of New York parole authorities (*Matter of Higgins v New York State Div. of Parole,* 72 AD2d 583; see *People ex rel. Walsh v Vincent,* 40 NY2d 1049). The burden of showing that the parolee is, or was, beyond this convenience and control lies with correctional or parole authorities (*People ex rel. Walsh v Vincent, supra,* p 1050). In this case, those authorities have failed to sustain their burden. The mere fact that petitioner was in the custody of New Jersey officials from October 28, 1980 to December 23, 1980 is not enough to sustain respondent's burden of proof (*People ex rel. Brown v Waters,* 84 AD2d 852). During the time that petitioner spent in the custody of New Jersey officials, the New York State Division of Parole took no action other than to file a parole violation warrant. Moreover, the affidavits submitted on respondent's behalf are insufficient inasmuch as the allegations contained in those affidavits are general in nature and do not excuse the Division of Parole's failure to seek co-operation from the State of New Jersey with reference to the petitioner (cf. *People ex rel. Horan v New York State Div. of Parole,* 91 AD2d 1053). Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.