■ JAMES TRAKIS, Appellant, et al., Claimant, v CITY OF THE NEW YORK, Respondent. — In a proceeding for leave to serve a late notice of claim, claimant James Trakis appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), entered May 5, 1981, as denied the application as to him. By order dated February 16, 1982, this court reversed the order insofar as appealed from, on the law, and granted the application as to claimant James Trakis (*Trakis v City of New York*, 86 AD2d 868). On June 23, 1982, the Court of Appeals reversed the order of this court and remitted the matter to this court for "further consideration on the facts and in the exercise of discretion" (56 NY2d 1018, 1019). Upon remittitur, order reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and application granted as to claimant James Trakis. The notice of claim verified and served on February 17, 1981, is deemed to have been timely served on behalf of.James Trakis. Upon our review of the facts, and in the exercise of discretion, we conclude that the application made by claimant James Trakis, approximately 10 months after the accident, should have been granted. We particularly note the following: (1) the injured claimant was 86 years old when the accident occurred; (2) his orthopedist deposed that his arteriosclerotic condition substantially impaired his memory; (3) the serious injury (a fractured femur) required substantial hospital and nursing home care, followed by an extensive period at home which he would leave only once a month for treatment; (4) the respondent had actual notice of the accident from the police and emergency clinic reports; and (5) the respondent has not shown substantial prejudice. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.

■ In the Matter of LEON CAIN, Appellant, v NEW YORK STATE CRIME VICTIMS COMPENSATION BOARD, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the Crime Victims Compensation Board insofar as it denied petitioner's request for compensation for loss of earnings, petitioner appeals from a judgment of the Supreme Court, Kings County (Monteleone, J.), dated April 28, 1982, which granted a cross motion to dismiss the proceeding on the ground that it was barred by the Statute of Limitations. Judgment reversed, without costs or disbursements, cross motion denied, and matter remitted to Special Term for further proceedings consistent herewith. The determination of the Crime Victims Compensation Board, dated October 6, 1981, was served upon petitioner's attorney no earlier than October 26, 1981. The article 78 proceeding was commenced on February 11, 1982, within four months later. Therefore, the proceeding was timely commenced (CPLR 217). Damiani, J. P., Gibbons, Thompson and Boyers, JJ., concur.

■ In the Matter of LEO A. DI GIANGIEMO, Also Known as ANTHONY DI GIACOMO, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant. — In a proceeding pursuant to CPLR article 78 to vacate a parole violation warrant and restore petitioner to parole, the New York State Board of Parole appeals from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), dated August 2, 1982, which granted the application. Judgment affirmed (see *Matter of Higgins v New York State Div. of Parole*, 72 AD2d 583; *People ex rel. Van Order v Walters*, 86 AD2d 619). No costs or disbursements are awarded. Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.