OPINION OF THE COURT
Seymour Rotker, J.
Petitioner institutes this habeas corpus proceeding to be released on the grounds that he was not afforded timely notice of the charges against him and that he was not afforded a timely preliminary revocation hearing.
Petitioner was convicted and sentenced in the Supreme Court, Queens County, on October 31, 1975, and in the Supreme Court, Bronx County, on November 15, 1975, to concurrent terms of three years to life imprisonment. Petitioner was subsequently resentenced on all sentences nunc pro tunc, pursuant to section 60.09 of the Penal Law, to concurrent terms of 3 to 11 years. Petitioner was paroled on April 12, 1978, and was subsequently charged with having violated the conditions of his parole. A parole violation warrant was issued on May 17,1983. On October 18, 1983, petitioner was stopped for a traffic infraction in *804 Hartford, Connecticut. The Connecticut authorities, upon learning of the outstanding warrant against petitioner, executed the New York parole warrant against petitioner. Petitioner was, thereafter, held in the custody of the Connecticut authorities solely on the basis of this warrant. The Division of Parole, on October 18, 1983, sent the Connecticut authorities a copy of the warrant and a form letter in which it was requested that petitioner be returned to New York for a preliminary hearing. On October 24, 1983, the Division of Parole was informed via a telephone conversation with the Connecticut authorities that petitioner had not waived extradition. However, a Division of Parole extradition memorandum, dated October 28, 1983, indicated that petitioner had waived extradition on October 24, 1983, and that his return to New York State had been authorized on October 31,1983. The Division of Parole was also informed on October 28, 1983, that petitioner had to appear in court in Hartford, Connecticut, on November 2, 1983, and that he would not be available for return to New York until that date. On November 2, 1983, petitioner signed a waiver of extradition in the Hartford Superior Court and was taken into custody by the New York parole authorities. Petitioner was served with a 9011 form on November 2, 1983, and a preliminary hearing was scheduled for November 9, 1983. At the November 9, 1983 preliminary hearing, the hearing officer found that there was probable cause to believe that petitioner had violated the conditions of his parole.
Petitioner asserts that he did not receive timely notice detailing the charges against him and that he was denied a timely preliminary hearing. It is asserted that petitioner was within the convenience and practical control of the Parole Board at all times following the execution of the warrant on October 18, 1983.
The Attorney-General, in opposition, argues that petitioner was not within the convenience and practical control of the Parole Board until he waived extradition and was returned to New York State on November 2, 1983. It is, therefore, alleged that petitioner received timely notice of the charges against him as well as a timely preliminary hearing. It is also asserted that the parole authorities were *805 diligent in their efforts to contact the Connecticut authorities and requested that petitioner be given a timely hearing. "
An alleged parole violator is entitled to written notice of the time, place and purpose of a hearing within three days of the execution of the warrant, and to a preliminary parole revocation hearing within 15 days after the execution of the warrant (Executive Law, § 259-i, subd 3, par [c], els [i], [iii]). If the parolee is in the custody of the authorities of a sister State, timely preliminary and final hearings are required whenever he is or may be brought within the convenience and practical control of the New York parole authorities (People ex rel. Horan v New York State Div. of Parole, 59 NY2d 809, affg 91 AD2d 1053; People ex rel. Gonzales v Dalsheim, 52 NY2d 9; People ex rel. Walsh v Vincent, 40 NY2d 1049). The Division of Parole has a “modest burden” of showing that the parolee is, or was, beyond its convenience and practical control. Affidavits provided by parole must provide evidence of the reluctance or unwillingness of the correctional authorities in the sister State to co-operate in making appropriate provisions for a suitable hearing (People ex rel. Gonzales v Dalsheim, supra). General allegations of an inability to provide a hearing will not suffice and do not excuse the failure of the parole authorities to seek the co-operation of a sister State (People ex rel. Delgado v Walters, 91 AD2d 1053).
Respondents have failed to demonstrate that petitioner was not within the convenience and practical control of the Parole Board prior to November 2, 1983. It is clear that petitioner was being held in Connecticut solely on the New York parole warrant which was executed on October 18, 1983. Furthermore, although petitioner did not actually sign Connecticut’s waiver of extradition form until November 2,1983, the New York parole authorities, as of October 28, 1983, were aware of petitioner’s desire to waive extradition.
Respondents have not demonstrated that the Connecticut authorities were unwilling or unable to provide petitioner with a timely preliminary hearing. The form letter which parole sent to the Connecticut authorities on October 18, 1983 merely requested that petitioner be returned *806 to New York for a preliminary hearing. At no time did parole request that the Connecticut authorities hold a preliminary hearing on New York’s behalf or that petitioner be informed of the charges against him. This form letter, thus, can neither explain nor excuse parole’s failure to seek the co-operation of the Connecticut authorities with respect to this petitioner (see People ex rel. Horan v New York State Div. of Parole, supra; People ex rel. Delgado v Walters, supra). The mere fact that petitioner was in the custody of the Connecticut authorities from October 18, 1983 to November 2, 1983, is also insufficient to sustain respondents’ burden of proof (People ex rel. Delgado v Walters, supra; People ex rel. Brown v Walters, 84 AD2d 852). During this time period, parole merely had the warrant against petitioner executed and requested that petitioner be extradited. However, it is clear that as of October 18, 1983, petitioner was being held by the Connecticut authorities solely on the New York warrant and that he was subject to the convenience and practical control of the Parole Board. Therefore, the service of the 9011 form on November 2, 1983, was untimely and the purported preliminary hearing of November 9,1983, is invalid as it was not held within the prescribed period.
Based on the foregoing, the petition and writ is sustained. The warrant is vacated and petitioner’s parole status is restored.