■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEVE GILLMAN, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. — In a habeas corpus proceeding, the petitioner appeals (1) from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), dated September 15, 1983, which dismissed the writ, and (2) as limited by his brief, from so much of an order of the same court, dated December 8, 1983, as, upon reargument, adhered to its prior determination. ¶ Appeal from the judgment dismissed, without costs or disbursements. Said judgment was superseded by the order dated December 8, 1983. ¶ Order affirmed insofar as appealed from, without costs or disbursements. ¶ Under the circumstances of this case, the respondent Parole Board met its burden of showing that the appellant was beyond its convenience and practical control during his Florida incarceration (see *People ex rel. Gonzales v Dalsheim,* 52 NY2d 9; *People ex rel. Walsh v Vincent,* 40 NY2d 1049, 1050; *Matter of Higgins v New York State Div. of Parole,* 72 AD2d 583). The Parole Board made three specific requests for the return of the appellant to New York so that he could be provided a prompt hearing on the revocation of his parole (Executive Law, § 259-i, subd 3, par [c], cl [i]; par [f], cl [i]; cf. *People ex rel. Horan v New York State Div. of Parole,* 91 AD2d 1053). The Florida officials responded to the second request, essentially stating that the Parole Board would be advised approximately 30 days prior to the expiration of the appellant's Florida sentence. No answer was received to the third and final request which, like the previous requests, advised the Florida authorities of the Court of Appeals decision in *People ex rel. Gonzales v Dalsheim (supra).* The appellant's contention that statements in the first two requests were designed to discourage Florida's cooperation is meritless. The language complained of indicated to the Florida authorities that if the appellant's New York parole were revoked he would not be returned to Florida but incarcerated in New York. However, the appellant claimed before Criminal Term in this proceeding that his Florida sentence was imposed to run concurrently with any prison time he might owe New York. Accordingly, it would have been in Florida's interest to cooperate and have the appellant serve his Florida prison time at New York's expense. Hence, the language complained of should have served to encourage Florida's cooperation instead of the contrary. We note, however, that a different result may obtain from the use of similar language by the Parole Board in another case if a sister State is reasonably led to believe that New York will not be cooperative in transferring custody upon completion of

the parole revocation hearing when the sister State has a legitimate interest in the return of the parolee. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.