■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEVI VALENTINE, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent. — Judgment unanimously reversed, on the law and facts, petition granted and relator restored to parole supervision, in accordance with the following memorandum: We previously remitted this habeas corpus proceeding to Supreme Court for an evidentiary hearing at which parole authorities had the burden of demonstrating that a timely final parole revocation hearing was not held because relator was not subject to their convenience and practical control while he was incarcerated in an out-of-State Federal prison (*People ex rel. Valentine v Smith,* 96 AD2d 720). At the hearing on remand, parole authorities submitted affidavits and other documentation to establish that no mechanism exists whereby Federal authorities will transfer an alleged parole violator who is incarcerated within the Federal prison system back to New York for purposes of a parole revocation hearing. Special Term determined that although no specific inquiry was made as to the willingness of Federal authorities to transfer this relator to a place where he would be under the convenience and practical control of New York State parole authorities, respondents were "entitled to rely upon the established policy of the Federal Bureau of Prisons and need not make repeated inquiries concerning the transfer of every alleged parole violator in federal custody." Accordingly, it denied relator's petition for habeas corpus relief. ¶ It is well established that a "parolee is entitled to a prompt final parole revocation hearing notwithstanding the circumstance that he is in the physical custody * * * of a sister State unless the Board of Parole shows that such a hearing cannot be held subject to its convenience and practical control" (*People ex rel. Gonzales v Dalsheim,* 52 NY2d 9, 12). The burden rests upon parole authorities in every instance in which timely hearings have not been held to demonstrate that they were unable to do so because the parolee was not subject to their convenience and practical control (*Matter of Vasquez v New York State Bd. of Parole,* 58 NY2d 981, 983). While this burden is a "modest" one, "speculative arguments which could be advanced in every instance of out-of-State imprisonment" will not suffice (*People ex rel. Gonzales v Dalsheim, supra,* p 15). A presumption alone will not satisfy the burden of parole authorities (*Matter of Vasquez v New York State Bd. of Parole, supra,* p 983). Affidavits provided by parole authorities must provide evidence of the unwillingness of out-of-State correctional authorities to cooperate in making appropriate provisions for a suitable hearing. General allegations of an inability to provide a hearing are inadequate and do not excuse the failure of parole authorities to seek cooperation from a sister State with respect to petitioner (*People ex rel. Delgado v Walters,* 91 AD2d 1053; *People ex rel. Maher v Jones,* 89 AD2d 733; *People ex rel. Brown v Walters,* 84 AD2d 852). ¶ Here, parole authorities attempted to satisfy their burden merely by submitting affidavits and documentation, general in nature and already rejected by another Judge in an unrelated habeas corpus proceeding, which establish nothing more than a "policy" of noncooperation by Federal authorities in transferring out-of-State parolees to New York State for purposes of parole revocation hearings. Respondents concede that no individualized inquiries or requests were made in petitioner's case, but contend that any such request or attempt to hold the hearing would have been "futile" in view of the policy of nontransference by the Federal Bureau of Prisons. This claim is no better than the speculative arguments found lacking in Gonzales (*People ex rel. Maher v Jones, supra*). We find respondent's showing of inconvenience to be deficient since it is based on documents and policy general in nature and

which did not specifically relate to petitioner (*People ex rel. Horan v New York State Div. of Parole,* 91 AD2d 1053, affd 59 NY2d 809; *People ex rel. Delgado v Walters, supra*). Therefore, respondents have failed to satisfy their burden of showing that petitioner was beyond their convenience and practical control while serving a Federal sentence in a sister State. (Appeal from judgment of Supreme Court, Wyoming County, Kane, J. — habeas corpus.) Present — Hancock, Jr., J. P., Callahan, Denman, Moule and Schnepp, JJ.