■ In the Matter of MARCELINO JULIO, Also Known as JULIO MARCELINO, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered July 22, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Board of Parole declaring petitioner to be a parole violator, revoking his parole, and extending the maximum expiration date of his paroled supervision.

The question presented is whether CPLR 205 (subd [a]) allows petitioner to maintain the instant CPLR article 78 proceeding, which would otherwise be time barred under the provisions of CPLR 217. We conclude that CPLR 205 (subd [a]) does not permit the maintenance of this proceeding. The judgment entered at Special Term dismissing the petition herein should therefore be affirmed.

Petitioner was convicted of manslaughter in the first degree in April, 1964 and sentenced to an indeterminate term of 15 to 25 years' imprisonment. He was paroled on January 10, 1973 with the maximum date of his parole supervision being set at March 15, 1989. In December of 1975, while in Puerto Rico, he was indicted and arrested on Federal narcotics charges. A New York State parole violation warrant was issued on May 6, 1976 following his conviction on a conspiracy charge in Federal court. The warrant did not reach petitioner until he had begun to serve his sentence at the Federal correctional facility in Atlanta, Georgia. Petitioner twice requested respondent to afford him a prompt parole revocation hearing. The requests were denied, but petitioner was assured that he would receive such a hearing when he was returned to New York State. Petitioner was returned to New York State within a week of his release from Federal custody on October 22, 1980 and was given a parole revocation hearing on December 8, 1980. Petitioner was found to have violated his parole, and his maximum parole supervision date was changed to January 24, 1994.

Also on December 8, 1980, petitioner secured a writ of habeas corpus alleging, *inter alia,* that he had been denied his right to a prompt parole revocation hearing. On December 23, 1980, Special Term ruled against petitioner, holding that petitioner failed to rebut the presumption that a parolee incarcerated outside of New York State is not within the convenience and practical control of respondent. The case of *People ex rel. Gonzales v Dalsheim* (52 NY2d 9), which had been issued the previous day, was then brought to Special Term's attention. After reargument, Special Term adhered to its earlier decision, holding that *People ex rel. Gonzales v Dalsheim (supra)* was not to be applied retroactively where the parole violator was taken into custody by respondent before the issuance of the Court of Appeals decision. The Second Department affirmed (*People ex rel. Julio v Walters,* 88 AD2d 259)[*] and the Court of Appeals dismissed the appeal when it appeared that petitioner had been reparoled, thus depriving that court of jurisdiction (*People ex rel. Julio v Walters,* 58 NY2d 881). One month later, on March 4, 1983, petitioner commenced the instant proceeding challenging respondent's determination made on January 16, 1981. Respondent argued that the two-year delay violated the four-month Statute of Limitations set forth in CPLR 217, while petitioner asserted that CPLR 205 (subd [a]) permitted him to maintain this proceeding. Special Term decided that the instant proceeding was time barred. This appeal by petitioner followed.

---

[*] The Second Department has apparently changed its mind on the retroactivity question (see *People ex rel. Tanner v Walters,* 89 AD2d 989, 990).

CPLR 205 (subd [a]) insofar as it is relevant, provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment up on the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action." We reject petitioner's argument that his prior habeas corpus proceeding did not terminate within the meaning of the subdivision until the Court of Appeals dismissed his appeal for lack of jurisdiction and that his time for bringing the instant proceeding was therefore extended by six months. In *Cohoes Housing Auth. v Ippolito-Lutz, Inc.* (65 AD2d 666, affd 49 NY2d 961), this court implied that an appeal prevents a prior action, from termination within the meaning of CPLR 205 (subd [a]) only when the disposition appealed from did *not* conclude with one of the three events enumerated in the subdivision. In the instant case, we hold that the *disposition* of Special Term in the prior proceeding was on the merits and, accordingly, terminated that action at that point; CPLR 205 (subd [a]) did not, therefore, operate to permit the maintenance of the proceeding at bar.

Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

