■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DON WILSON, Appellant, v RAMON RODRIGUEZ, as Chairman of the New York State Board of Parole, et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Orange County (Ritter, J.), entered February 14, 1985, which dismissed the petition.

Judgment reversed, on the law, without costs or disbursements, petition granted and petitioner is restored to parole supervision under the conditions heretofore in effect.

On January 13, 1981, petitioner was sentenced to imprisonment for a term of 1½ to 4½ years, after being convicted of a crime involving robbery. On December 17, 1982 he was paroled with a maximum expiration date of March 15, 1985. Petitioner was arrested in New Jersey on March 29, 1983 and declared delinquent as of that date.

On May 18, 1983 a parole violation warrant was issued against petitioner and lodged against him on May 21, 1983. On June 15, 1983 petitioner pleaded guilty in New Jersey to one count of unlawful possession of a weapon and was sentenced to a term of four years' imprisonment to run concurrently with his New York State parole.

The New Jersey authorities released him on May 15, 1984, prior to which petitioner had waived extradition to New York. On the same day, petitioner waived his preliminary revocation hearing and was served with a notice of violation. On July 19, 1984, a final revocation hearing was held and petitioner's parole was revoked.

An alleged parole violator is entitled to a final revocation hearing within 90 days of a determination of probable cause made at a preliminary hearing (Executive Law § 259-i [3] [f] [i]). If the parolee is in the custody of the authorities of a sister State, a timely final revocation hearing is required whenever he is, or may be, brought within the convenience and practical control of New York parole authorities (*People ex rel. Horan v New York State Div. of Parole,* 91 AD2d 1053, *affd* 59 NY2d 809; *People ex rel. Delgado v Walters,* 91 AD2d 1053).

The burden of showing that the parolee is, or was, beyond the convenience and control of the parole authorities lies with the correctional or parole authorities (*People ex rel. Horan v New York State Div. of Parole, supra*). In this case, the authorities have failed to sustain their burden. The only evidence which indicates that the authorities expended any effort at all to seek the cooperation of New Jersey authorities in affording petitioner a prompt revocation hearing is an undated letter addressed to the New Jersey authorities requesting that petitioner be produced for the purpose of conducting parole revocation hearings. The parole officer who testified at petitioner's final revocation hearing could not, moreover, recall when the letter was mailed to the New Jersey authorities, although petitioner contends, and respondents do not deny, that the letter was mailed in April 1984, some 11 months *after* the warrant was executed. Under the circumstances, respondents have failed to establish that they made a timely and diligent effort to seek the cooperation of the New Jersey authorities in making appropriate provision for a final revocation hearing (*People ex rel. Gonzales v Dalsheim,* 52 NY2d 9, 15). Bracken, J. P., Brown, Rubin and Lawrence, JJ., concur.