■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD BROWN, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered May 27, 1986, which sustained a writ of habeas corpus and restored the petitioner to parole status.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the proceeding is converted into an action for a declaratory judgment (see, CPLR 103 [c]), with the petition deemed the complaint, and it is declared that Laws of 1984 (ch 413), amending the Executive Law, is applicable to the respondent's contentions.

On May 24, 1983, the respondent was sentenced to a term of imprisonment of 1½ to 4½ years upon conviction of the crime of burglary in the second degree. On July 11, 1984, he was released on parole with a maximum expiration date of July 11, 1987. The respondent was arrested in Connecticut on July 27, 1984 on burglary charges and, thereafter, on September 27, 1984, a parole violation warrant was lodged against him with the Connecticut authorities. Accompanying the warrant was a form letter advising the Connecticut authorities, inter alia, of the Division of Parole's obligation to provide the respondent with prompt preliminary and final revocation hearings and requesting that he be made available for return to New York for those hearings. Apparently, the Division of Parole received no response to that letter. On November 2, 1984, the respondent was sentenced to concurrent terms of imprisonment of one year upon his conviction in Connecticut, upon his plea of guilty, of two counts involving burglary.

After waiving extradiction, the respondent was returned to New York on October 30, 1985. On that same day, he waived his preliminary revocation hearing and was served with a notice of violation. On December 5, 1985, the respondent was afforded a final revocation hearing and, following the hearing, his parole was revoked.

In March 1986 the respondent commenced this habeas corpus proceeding seeking a vacatur of the parole violation warrant and restoration to parole supervision on the ground that he had been denied his right to a timely final parole revocation hearing on the alleged parole violation.

The Supreme Court, Westchester County, found that the final revocation hearing had not been timely and it sustained the writ of habeas corpus. The court held that the appellants failed to sustain their burden of showing that the respondent

was beyond their convenience and control during his incarceration in Connecticut, thereby excusing their failure to afford him a timely final revocation hearing until his return to New York. As a result of the court's ruling, the respondent was paroled on June 6, 1986. He was continued on parole supervision until the maximum expiration date of his sentence on July 11, 1987.

Initially, we note that although this appeal is technically moot because the respondent has reached the maximum expiration date of his sentence while the appeal was pending, we retain jurisdiction because the issue raised is likely to recur, is substantial and novel, and will typically evade review *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713-715). We treat the instant proceeding as one seeking declaratory relief as to the applicability of the 1984 amendments to the Executive Law to the facts of the case before us *(see, Matter of McCormick v Axelrod,* 59 NY2d 568, 571; *People ex rel. Neufeld v McMickens,* 117 AD2d 243).

The trial court's determination was premised primarily upon the Court of Appeals decision in *People ex rel. Gonzales v Dalsheim* (52 NY2d 9). Generally, an alleged parole violator is entitled to a final parole revocation hearing within 90 days of a determination of probable cause made at a preliminary hearing (Executive Law § 259-i [3] [f] [i]). Prior to the 1984 amendments to the Executive Law, strict compliance with the time limits set forth in the Executive Law was required unless the parole authorities could demonstrate that the accused parole violator was beyond the convenience and control of the New York parole authorities *(see, e.g., People ex rel. Walsh v Vincent,* 40 NY2d 1049; *People ex rel. Wilson v Rodriguez,* 112 AD2d 961, 962; *People ex rel. Horan v New York State Div. of Parole,* 91 AD2d 1053, *affd* 59 NY2d 809). The *Gonzales* case established that the mere showing of imprisonment in a sister State facility did not meet the burden of demonstrating that the alleged parole violator was beyond the parole authorities' convenience and practical control *(see, People ex rel. Gonzales v Dalsheim, supra,* at 14-15; *People ex rel. Delgado v Walters,* 91 AD2d 1053).

In 1984 the Executive Law was amended to counteract the effect of the *Gonzales* decision *(supra)* and to bring New York law into congruence with the broader Federal due process requirements *(see,* L 1984, ch 413, § 1; legislative mem to ch 435, 1984 McKinney's Session Laws of NY, at 3294-3295). The additions to Executive Law § 259-i (3) (a) (iv) and § 259-o (4), which became effective November 1, 1984, created a toll of the

90-day limit within which a final parole revocation hearing must be held until such time as the alleged parole violator was returned to New York for a hearing *(see also, Moody v Daggett,* 429 US 78).

Citing the 1984 amendments to the Executive Law, the appellants claim that the respondent was not entitled to a final revocation hearing while he was incarcerated in Connecticut on an unrelated charge. The respondent replies that application of the 1984 amendments to him amounts to an illegal ex post facto law.

We conclude that the statutory framework of the Executive Law subsequent to the 1984 amendments governs this matter. Although the parole revocation proceedings were commenced prior to the November 1, 1984 effective date of the amendments, no final determination had been issued before the effective date. Thus, the amendments may be applied without violating the prohibition against ex post facto laws *(see, People ex rel. Posada-Osorio v Hammock,* 58 NY2d 978, *rearg denied* 58 NY2d 1114; *Matter of Vasquez v New York State Bd. of Parole,* 58 NY2d 981, *mot for stay dismissed* 58 NY2d 1114; *cf., Matter of Ross v Chairman of N. Y. State Bd. of Parole,* 119 AD2d 961; *Matter of Alevras v Chairman of N. Y. Bd. of Parole,* 118 AD2d 1020, *appeal dismissed* 68 NY2d 753). Accordingly, because the respondent was serving a sentence in Connecticut on an unrelated charge, no final revocation hearing was required to be held until his return to New York on the warrant. The final revocation hearing was, therefore, timely. Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.