OPINION OF THE COURT
Philip J. Chetta, J.
On May 19, 1986 petitioner was convicted after plea of attempted robbery in the first degree and sentenced to a maximum term of incarceration of 10 years and a minimum of 5 years to run consecutive to any sentence previously imposed.
On May 24, 1991, petitioner was released to parole supervision. He was arrested by the Federal authorities in July 1992. On May 24, 1995, petitioner was sentenced to a definite term of incarceration of 64 months upon his conviction by plea of guilty to racketeering and conspiracy to possess with intent to distribute cocaine.
The New York State Division of Parole issued a warrant for retaking petitioner on August 2, 1995 which was forwarded to the Federal correctional institution where Robert Felder was incarcerated.
On April 25, 1997, when petitioner completed his Federal sentence a notice of parole violation was served upon him with a final revocation hearing being scheduled for May 22, 1997.
Petitioner seeks to vacate the warrant authorizing his retaking into custody and be restored to his parole status, alleging, inter alia: (1) that the time between the execution of the warrant for retaking into custody and the notice of violation exceeded the statutory five-day period; (2) that he was not offered prompt and timely hearings.
During petitioner’s Federal incarceration he was not detained exclusively on the warrant of retaking and therefore the New York State parole warrant is not deemed executed until April 25, 1997 when it alone served as a basis for his detention (Executive Law § 259-i [3] [a] [iv]). Until said warrant is deemed executed, Robert Felder is not within the convenience and practical control of the New York State Division of Parole (Executive Law § 259-i [3] [a] [iv]). Since it appears that petitioner was served with a notice of violation on April 25, 1997, the same day the warrant was executed, notice was timely given.
Robert Felder was not entitled to a preliminary parole hearing on his violation since he had been convicted of a new *1031 crime while under parole release (Executive Law § 259-i [3] [c] [i]).
Further, by consequence of his Federal felony conviction which resulted in a determinate sentence of 64 months, petitioner is not entitled to a final revocation hearing (Executive Law § 259-i [3] [d]).
The court must note that by chapter 3, § 42 of the Laws of 1995, Executive Law § 259-i (3) (d) (iii) had been amended so that the Parole Board could simply by operation of law declare a parolee delinquent where he had been sentenced on an out-of-State felony to a determinate term of incarceration. This legislative enactment sought to counteract the Court of Appeals decision of People ex rel. Harris v Sullivan (74 NY2d 305) which limited the waiver of the hearing on out-of-state felony convictions to those instances where an indeterminate term was imposed.
The above amendment was effective October 1, 1995, being applicable to those offenses committed on or after its effective date (L 1995, ch 3, § 74 [a], [e]). Since the question of a final parole hearing did not arise until April 25, 1997, when petitioner came into the exclusive control of the New York State Division of Parole, the amendment may be applied without violating the prohibition against ex post facto laws (People ex rel. Brown v New York State Bd. of Parole, 133 AD2d 792).
Petitioner’s application to be restored to parole is denied.
This matter first appeared on the court’s calendar under SP No. 146/97. It now appears that the underlying conviction was in Queens County under indictment No. 746/86. Accordingly, SP No. 146/97 is consolidated with indictment No. 746/86 and is now known as indictment No. 746/86.
Order entered accordingly.